Argued July 5, affirmed July 17, 1917.

## WEBB *v.* ISENSEE.*

(166 Pac. 544.)

**Trial—Conduct of Counsel—Improper Argument—Cure of Error.**

1. In action for slander, where defendant's testimony contradicted that of all the plaintiff's witnesses so that his veracity was in issue, the error of plaintiff's counsel in stating to the jury in argument when he had not been a witness, that plaintiff's witnesses had testified truthfully because he had been there and heard defendant make the statements, was not cured by instructions taking such statement from the jury.

**Appeal and Error—Scope of Review—Record—What Constitutes.**

2. Where statement set forth in supplemental affidavits did not appear in the stenographer's notes of the trial, they were nevertheless a part of the record on appeal where the court found them to be true, and incorporated them in the bill of exceptions.

    [As to misconduct in argument by counsel warranting reversal, see note in 9 Am. St. Rep. 559.]

**New Trial—Setting Aside Judgment—Power of Court.**

3. Where such mistake at law has been made as would warrant reversal, the trial court may, on motion or at its own suggestion, set aside the judgment and grant a new trial.

From Multnomah: JOHN P. KAVANAUGH, Judge.

———

*On right of court to grant new trial on its own motion or on grounds other than those urged by moving party, see note in 40 L. R. A. (N. S.) 291.                                             REPORTER.

Department 2.     Statement by MR. JUSTICE MOORE.

This is an action to recover damages for the alleged use of slanderous words. The complaint alleges, in effect, that at Portland, Oregon, about January 16, 1915, the defendant, William Isensee, wrongfully, maliciously, recklessly, and wantonly said in the presence of divers persons of and concerning the plaintiff, Lillie T. Webb, that she was of questionable character and repute and was conducting illicit sexual commerce with men; that between March 15th and 23d of that year the defendant, in the same manner, further said in the presence of several persons of and concerning the plaintiff that she was a "crook, perjurer, thief, and a bitch," the meaning of which terms are undertaken to be explained; and that by reason of such statements the plaintiff has been damaged to the extent of $15,000, and is entitled to exemplary damages in the sum of $10,000, for the amount of which judgment is demanded.

The answer denies each averment of the complaint. The cause was tried resulting in a judgment for plaintiff for $2,500, which determination was set aside and a new trial ordered.                    AFFIRMED.

For appellant there was a brief over the name of *Messrs. Schmitt & Schmitt,* with an oral argument by *Mr. G. G. Schmitt.*

For respondent there was a brief over the names of *Messrs. Lewis & Lewis, Mr. James B. Finnigan* and *Mr. R. R. Giltner,* with oral arguments by *Mr. A. T. Lewis* and *Mr. Giltner.*

MR. JUSTICE MOORE delivered the opinion of the court.

A transcript of all the testimony given at the trial has been sent up, from which it appears I. N. Foster

testified that at Portland, Oregon, between the 15th and 23d of March, 1915, the defendant, in the presence of Oliver Irwin and the witness said of and concerning the plaintiff that she was a tramp, a crook, a perjurer, a thief, and a bitch. W. S. Hoyt testified that in such city in his presence in March, 1915, the defendant in referring to the plaintiff stated she was a bitch. W. J. Cook testified that on March 16, 1915, he with G. G. Schmitt, one of plaintiff's attorneys, went to the defendant's machine-shop in Portland, Oregon, where was tendered to the latter a cashier's check for a sum of money determined to be the reasonable rent of an apartment house owned by the defendant and occupied by the plaintiff (*Webb* v. *Isensee,* 79 Or. 114, 153 Pac. 800). Whereupon the defendant, referring to the plaintiff, inquired of Mr. Schmitt:

"How long have you been her attorney? How do you get your money out of her? She don't pay anybody. Do you take your pay in trade?"

The attorney in speaking of the plaintiff observed:

"The woman is a very old woman, or quite old," in answer to which the defendant remarked, "Well, you can't always tell, Schmitt; there is many a good tune in an old fiddle yet."

Oliver Irwin, in alluding to the sworn declarations made by I. N. Foster as hereinbefore set forth having testified he was present at the time and place mentioned by that witness, was asked in adverting to the defendant: "Did he call or refer to Mrs. Webb as a crook?" The answer was:

"He didn't refer to her at all.

"Q. Did he use the word perjurer in that conversation?

"A. No, there was nothing like that in my presence.

"Q. Did he use the word thief?

"A. No.
"Q. Did he use the word bitch?
"A. No."

The defendant as a witness in his own behalf specifically denied each statement of the several witnesses so imputed to him and also the language charged in the complaint. The cause was then argued by respective counsel and submitted. The court treating the testimony offered as insufficient to establish the averment of the complaint that the plaintiff was conducting illicit sexual commerce with men and that the words "crook" and "bitch" were not actionable *per se,* and because the complaint contained no averments of fact relating to special damages, instructed the jury to consider only the remaining parts of the charge as to whether the defendant maliciously made statements in the presence of others that the plaintiff was a perjurer and a thief. A verdict was returned for the plaintiff in the sum of $2,500, and judgment was rendered thereon as hereinbefore stated. Within the time limited the defendant's counsel moved to set aside the verdict and judgment and for a new trial on the ground *inter alia* of the misconduct of plaintiff's attorney, G. G. Schmitt. The stenographer who reported the testimony and the instructions made no note of any objections interposed or exceptions taken by counsel for either party during the argument of the cause.

In support of the motion for a new trial supplemental affidavits were filed, asserting *inter alia* that G. G. Schmitt, one of plaintiff's attorneys, who had not been a witness at the trial, in his closing argument in referring to the defendant's denial of the testimony of W. J. Cook, hereinbefore set forth, said to the jury that the defendant was a perjurer; that he perjured himself when he made such abjuration, "because I

was there and heard him say it''; that though the defendant's counsel then objected to such argument, the statement so made was not retracted, nor did the court rule upon the objection or instruct the jury in respect to the matter.

Mr. Schmitt's counter-affidavit is to the effect that the matters so set forth in the supplemental affidavits respecting the testimony given by W. J. Cook and W. T. S. Hoyt and the remarks made by the defendant in relation thereto were withdrawn by the court from the consideration of the jury, except the words "thief" and "perjurer," and that no exception was taken to such argument as appears from the report of the official stenographer who took notes of the proceedings occurring at the trial.

In considering the motion for a new trial the court refers to the statements contained in the affidavits and says they

"constituted prejudicial error and affected the substantial rights of the defendant, and the court is further of the opinion that the instructions of the court to the jury to disregard the matters testified to by W. J. Cook concerning said conversation between said W. J. Cook, the defendant, and plaintiff's counsel, and to disregard the evidence and testimony relating to the words 'bitch' and 'crook' and certain obscene utterances attributed to the defendant, did not cure the error of the admission of the said evidence and testimony; that the admission of said testimony affected the substantial rights of the defendant, and that he was thereby prevented from having a fair trial, and for said reasons" a new trial was ordered.

1, 2. It will be remembered that the defendant's testimony in respect to the language charged in the complaint contradicted the material sworn statements of every witness who appeared against him. It will also

be borne in mind that the testimony of Oliver Irwin disputed that of I. N. Foster in its essential particulars. As to whether the sworn denials by the defendant were entitled to credence by the jurors depended wholly upon their opinion of his veracity. If he swore falsely in respect to the plaintiff's implied unchastity, so imputed to him by Cook, as would appear from the attorney's argument, it is reasonable to infer from the verdict returned that the jury necessarily found the defendant's sworn denials of the use of the words "thief" and "perjurer," asserted to have been applied by him to Mrs. Webb, were also unworthy of belief. So that the instruction taking from the jury consideration of all statements alleged to have been made by the defendant relating to the charge of language as to the plaintiff's immoral conduct did not eliminate the question of the veracity of Isensee; and this being so the remarks of the attorney in his concluding argument "constituted," as the court found, "prejudicial error and affected the substantial rights of the defendant." It is unimportant that the statements set forth in the supplemental affidavits did not appear in the stenographer's notes of the trial, for the court having, from the evidence so submitted, found the narration to be true and incorporated it in the bill of exceptions makes such a part of the history of the cause and necessitates a consideration thereof.

3. Under the rule which formerly obtained in this state no appeal would lie from an order granting a new trial, because the judgment so set aside thereby ceased to be final and hence was not reviewable: *Fisk* v. *Henarie*, 15 Or. 89 (13 Pac. 760). Nor could an appeal be taken from an order denying a motion for a new trial: *State* v. *Clements*, 15 Or. 237 (14 Pac. 410). In order to change such procedure the statute was amended mak-

ing an order setting aside a judgment and granting a new trial, a final determination of a cause rendering the action of the court in such particular subject to review: Gen. Laws Or. 1907, Chap. 162, Section 548, L. O. L. When a cause is tried by a jury, judgment must be given in conformity with the verdict and entered within the day it is returned: Section 201, L. O. L. Since these alterations were made the granting of a new trial has not been regarded as a matter of discretion nor sanctioned by this court unless in the trial of the action such mistake of law has been made as would warrant a reversal of the judgment if it had been allowed to remain and an appeal therefrom had been taken, and in such case, in order to save the expense of a review, the rule has been settled that the trial court may upon motion or at its own suggestion set aside the judgment and grant a new trial: *Wakefield* v. *Supple,* 82 Or. 595, 602 (160 Pac. 376), and cases there cited.

In *State* v. *Blodgett,* 50 Or. 329, 344 (92 Pac. 820), where a judgment was reversed in consequence of the remarks of an attorney to the jury, it is said:

"But a case should not be reversed where improper references have been made by counsel in their argument to immaterial and irrelevant matters, unless it further appears that injury * * resulted, and that will be determined by the issue involved and the state of the evidence."

In the case at bar it is believed that the concluding argument of Mr. Schmitt, wherein he asserted that in the presence of Mr. Cook he heard the defendant use language derogatory to Mrs. Webb, and wherein he characterized Mr. Isensee's denial of such statements as perjury, gave to the attorney's observation on that occasion the character of evidence when he had not

testified on the subject; that such remarks resulted in injury to the rights of the defendant by creating in the minds of the jurors an inference that if he swore falsely in respect to the language implying unchastity to Mrs. Webb, his testimony denying that he employed the words "thief" and "perjurer" in speaking of her could not be believed; and that directing the jury not to consider any other charge than the two terms last mentioned did not cure the error.

No error was committed in setting aside the judgment and granting a new trial, and this being so the order to that effect is affirmed.        AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE McCAMANT concur.