H. W. DAVIS, ADMINISTRATOR OF THE ESTATE OF WILLIAM A. PERKINS, DECEASED, APPELLANT, *v.* THE OREGON AND CALIFORNIA RAILROAD COMPANY, RESPONDENT.

EVIDENCE OF PRIOR ACCIDENT IN ACTION FOR NEGLIGENCE.—In an action against a railroad company to recover damages for an injury sustained by one of its passengers in consequence of alleged negligence on the part of the company, evidence of another accident having occurred at the same place, under similar circumstances, is inadmissible.

CONTRIBUTORY NEGLIGENCE—DRUNKENNESS—PROXIMATE CAUSE.—Drunkenness is not a defense by way of contributory negligence, unless it was the proximate cause of the death of the deceased. If the person injured got drunk under such circumstances that any reasonably prudent man could foresee that he was putting himself in such a condition that that which resulted might probably happen, then his drunkenness would be a defense.

IDEM—PASSENGERS, PRESUMPTIONS BY.—A passenger has no right to presume that a ferry boat has landed on account of the chain guard and barriers across the bow of the boat being down, when warned and personally notified at the time by those in charge that a landing had not been made.

APPEAL from Multnomah County. The facts are stated in the opinion.

*Sidney Dell,* for appellant.

*Dolph, Bronaugh, Dolph & Simon,* for respondent.

By the Court, PRIM, J.:

This action was brought by the administrator of W. A. Perkins, deceased, against the respondent, to recover damages for the drowning of said intestate, as it is alleged, through the negligence and carelessness of the servants of the respondent.

At the time of the action complained of, the respondent

was a corporation and in the possession and management of a line of railroad from the city of Salem to the city of Portland, Oregon. It was in the possession and management of cars, and also a steam ferry boat across the Willamette river at Portland, for the purpose of carrying passengers to the end of its line at the latter place. On November 16, 1878, the deceased took passage on the cars of respondent at Salem, to be transported to Portland, having paid the usual fare therefor. While said ferry boat was attempting to make its landing upon the west side of said Willamette river, and before it had done so, the deceased, in attempting to go ashore, stepped off the boat into the river and was drowned.

It is alleged that this accident occurred in consequence of the gross negligence and carelessness of the respondent in this, in failing to have sufficient lights and a chain or other guard across the bow of the boat to prevent passengers from walking off into the river in the night time. It is also charged that there was unskillful management in landing the boat. The negligence and carelessness of the respondent is denied in the answer, and it is further alleged therein, for separate answer, that said accident was wholly caused by the gross negligence and recklessness of said deceased himself; that before the boat had landed he left the passenger cabin upon said boat and walked to the forward end of the deck of said boat, intended to be occupied by teams and vehicles, and not by passengers; that although warned by the servants of respondent, then in charge of said ferry boat, said deceased, in attempting to go ashore before said boat was landed, carelessly stepped off of the boat into the river and was drowned.

The bill of exceptions discloses the following facts: The train arrived at East Portland behind time—at about six o'clock P. M; it usually arrives there about four, but was delayed that day on account of the freight train being off the track ahead of it at Oregon City. It was dark when it arrived, and the train passengers (Perkins among them) were put upon the ferry boat, to be crossed over to the west side of the Willamette river. There was no chain guard up that night. The watchman had a lantern, and while the boat was

crossing stood on the bow with his back to the pilot-house and lantern in front of him, to enable the captain to see how to steer. While the boat was attempting to make its landing, and before it had done so, the deceased left the cabin and walked to the bow of the boat, and in attempting to walk ashore stepped into the river, the captain and several others proclaiming in a loud voice that the boat had not landed and telling him to stand back. The evidence also tended to show that he had been drinking, and was intoxicated at the time; that when he attempted to get off at one side of the boat some one took hold of him and turned him back, and that he immediately went to the other side and stepped off; that when he stepped off the bow of the boat it was only two or three feet from the pontoon.

The first error assigned is as follows: 1. The court erred in sustaining the objection to question Jones, one of plaintiff's witnesses, on direct examination, whether or not he knew anything of an accident having happened at the same place on defendant's ferry boat, under similar circumstances, prior to the drowning of Perkins; and, if so, what he knew about the circumstances, and in ruling out said evidence offered.

This evidence was properly rejected by the court. The authorities cited by counsel for appellant to sustain this proposition are inapplicable and fail to support it. Every case of this nature must depend on its own facts and circumstances. If the appellant should be allowed to prove that another accident had occurred there under similar circumstances at some prior date, the other side would have been entitled to inquire into the circumstances of that transaction. The tendency of such evidence would have been to mislead and confuse the jury.

The second and third assignments will be treated together.

2. The court erred in refusing to give the following charge to the jury, as requested by the plaintiff in writing: "Drunkenness is not a defense by way of contributory negligence, unless it was the substantial cause of the injury. The law protects persons who happen to be drunk as tenderly at least as it does persons capable of taking care of themselves."

3. The court erred in modifying the charge requested, as aforesaid: "Drunkenness is not a defense by way of contributory negligence, unless it was the substantial cause of the injury," by omitting the remainder of said request and by adding the following: "In addition to that, I will say that if the drunkenness was the proximate cause of the death of this person; if he got drunk under such circumstances as any reasonable, prudent man could foresee that he was putting himself in such a condition that this result might probably happen; if he did that under those circumstances, then his drunkenness would be a defense; but the mere fact that he was drunk, unless his drunkenness contributed as a proximate cause, would not be any defense."

The modified instruction given by the court was as favorable to appellant as he was entitled to ask, if not more so. (42 Iowa, 315; 71 Ill. 177.) There was evidence tending to show that the deceased was intoxicated, but no showing that there was any discrimination against him on that account. There was no error in either the second or third assignments.

The only remaining assignment of error is the refusal of the court to give the following charge to the jury, as requested by appellant: "It was the duty of defendant to have some proper means whereby, when their ferry boat landed in the night-time, it could be made known to the passengers whether or not, and when the boat was properly moored; and if, in the absence of any such signal or notice, the passengers were permitted by defendant to pass off from the boat in a dark night, without any reasonable barrier interposed by defendant, the deceased had a right to presume that defendant had safely moored its boat, and to act on that presumption."

In this case, the deceased had no occasion to act on the presumption that the boat had landed when he stepped off, from the fact that the chain guard was down, for the reason that it appears from the evidence reported in the bill of exceptions, that he was then and there warned and informed by the servants of the company, and by several of the passengers, that the boat had not landed, and to stand back.

In the absence of any such warning and actual information, the instruction, and the authorities cited to support it, would have been applicable.

That part of the instruction relating to the duty of the respondent to furnish all suitable guards and barriers necessary to make a ferry boat safe, had already been given, substantially, in the charge of the court, and it was not error to repeat it. The court charged as follows: "1. It was the defendant's duty towards deceased to use the utmost care and skill of a prudent man, skilled in the particular duty (of a common carrier) which he had in charge. 2. It was defendant's duty to furnish all suitable guards and barriers necessary to make their ferry boat a safe means of transit over the river. 3. When the negligence of the defendant is proximate, and that of deceased is remote, the action can then well be sustained, although the plaintiff or deceased is not entirely without fault. If there be negligence on the part of deceased, yet if, at the time when the injury was committed, it might have been avoided by the defendant, in the exercise of reasonable care and prudence, plaintiff may recover. The law requires greater care where life is in peril, than in other cases affecting rights of less importance; and when a party is rendering service for compensation, the law holds him to a greater degree of care, than it does when the service is rendered gratuitously. Those who render service for compensation are held to great care for the safety of human life. When the contributory negligence of a party is relied upon to prevent his recovery, such negligence, to avail as a defense, must be at least ordinary negligence; the fact that the plaintiff has been guilty of slight negligence, will not defeat his right to recover—no man is required to use more than ordinary care for his own protection."

The principal defense interposed in this case was that the gross carelessness of the deceased was the proximate cause of his death; and there being much testimony disclosed in the bill of exceptions, tending to sustain that defense, the verdict can not be disturbed here.

The judgment is affirmed.