(March 16, 1916.)

## STATE, Respondent, v. JESSE SCOBLE, Appellant.

[155 Pac. 969.]

CRIMINAL LAW — FORMATION OF JURY — CHALLENGE TO PANEL — CHALLENGE TO INDIVIDUAL JUROR FOR IMPLIED BIAS.

1. Under sec. 7820, Rev. Codes, a defendant in a criminal case who desires to interpose a challenge to a jury panel for implied bias of the officer who summoned them must take his challenge in writing prior to the time any of the jurors are sworn in the case.

2. The only challenges to individual jurors for implied bias permitted by the laws of Idaho are those enumerated in sec. 7834, Rev. Codes.

3. Where a juror is called and examined in a criminal cause, and it appears upon his examination touching his qualifications to sit that he has been summoned upon an open venire by the coroner of the county, and it further appears that he had been summoned upon a previous open venire by the sheriff of the county, which previous panel had been quashed by the court for the implied bias of the sheriff; such facts are not ground of challenge to the individual juror for implied bias under the provisions of sec. 7834, Rev. Codes.

[As to the bias or interest that disqualifies a juror, see note in 3 Am. St. 744.]

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. C. O. Stockslager, Judge.

The defendant was convicted of the crime of grand larceny and sentenced to the state penitentiary for a term of not less than six years nor more than fourteen years. Judgment *affirmed.*

J. G. Hedrick and H. F. Ensign, for Appellant.

The court erred in denying the challenge of the defendant to the jurors by reason of the fact that where a panel has been successfully challenged under the provisions of sec. 7824, Rev. Codes, the said jurors must be discharged "so far as the trial of the indictment in question is concerned." (Sec. 7825, Rev. Codes; *State v. Jordan,* 19 Ida. 199, 112 Pac. 1049.)

J. H. Peterson, Atty. Genl., Herbert Wing, Assistant, R. M. Angel, P. K. Perkins, McFadden & Brodhead and Chase A. Clark, for Respondent.

Where a challenge to a panel is sustained and a special venire issues, the officer serving such venire may resummon the members of the quashed panel unless it has been quashed by reason of fraud. (1 Thompson on Trials, 2d ed., sec. 39; *Caperton v. Nickel*, 4 W. Va. 173; *State v. Degonia*, 69 Mo. 485; *State v. McCurry*, 63 N. C. 33; *Smith v. State*, 4 Neb. 277; *Arnold v. State*, 38 Tex. Crim. 1, 40 S. W. 734; *Randolph v. State*, 65 Neb. 520, 91 N. W. 356.)

By accepting the jury without objection the defendant thereby waived all exceptions thereinbefore taken by him as to the rulings of the court upon challenges interposed. (*Flynn v. State*, 97 Wis. 44, 72 N. W. 373; *Emery v. State*, 101 Wis. 627, 78 N. W. 145; *Davey v. City of Janesville*, 111 Wis. 628, 87 N. W. 813; *Gay v. City of Eugene*, 53 Or. 289, 100 Pac. 306, 18 Ann. Cas. 188.)

COWEN, District Judge.—The defendant was found guilty of the crime of grand larceny on the 31st day of May, 1914, and was sentenced by the court for a term in the state penitentiary of not less than six years and not more than fourteen years. The appeal is from the judgment and the evidence taken in the trial court is not brought before this court for review.

The appellant alleges that error was committed by the trial court in the impaneling of the jury which tried the case.

It appears that an open venire was issued to the sheriff of the county to summon twelve special veniremen to be used upon the trial. Upon the sheriff's return coming before the court, the defendant interposed a motion to quash the panel on the ground that the sheriff who summoned the jurors was a witness for the prosecution, and this motion was confessed by the state and the panel quashed. Thereupon the court issued another open venire addressed to the coroner, who summoned about two-thirds of the same men whose names had appeared upon the open venire summoned by the sheriff, and

the case was then called for trial. Upon the examination of the jurors as to their qualifications to sit in the cause, counsel for the defendant examined them as to whether they were the same persons who had been summoned upon the former panel by the sheriff, and interposed a challenge for cause to those members of the jury who had been so summoned, which challenge for cause was denied by the court. The defendant exercised all of his peremptory challenges but did not succeed in getting all of the men off the jury who had been summoned on the former venire, and he alleges that the court erred in denying his challenges for cause to those particular jurors.

It is contended on the part of the defendant that the implied bias which attaches to an officer by reason of his being a witness in the case also attaches to the jurors who may be summoned by him upon an open venire directed to him by the court, and that the court should therefore have allowed his challenges to the individual jurors when that fact appeared upon their examination.

We think that an examination of the statute will disclose that this is not one of the grounds of challenge to an individual juror for implied bias. Sec. 7834, Rev. Codes, provides that a challenge for implied bias may be taken for all or any of the following causes and for no other, and then follows an enumeration, in nine different subdivisions, of all of the grounds for challenge for implied bias which are permitted by the statute. A careful examination of this section shows that the ground which the appellant urges here is not one of the included grounds for a challenge for implied bias, and the court committed no error in denying defendant's challenges upon this ground.

This court does not now pass upon the question whether or not the conditions as shown to exist by this record might have been ground for a renewal of the challenge to the panel as summoned by the coroner, because that question is not before the court. If the defendant in a criminal case desires to take advantage of his right to interpose a challenge to the panel, he must do so in the manner provided by the statute. Sec. 7820, Rev. Codes, provides that a challenge to the panel must

be taken before a juror is sworn, and must be in writing. No challenge to the panel was made, but the challenges interposed were to the individual jurors for implied bias, and, as has been heretofore shown, the statute does not impute implied bias on the ground which the appellant alleges as his basis for the challenge.

For the foregoing reasons the judgment of the district court must be affirmed, and it is so ordered.

Budge and Morgan, JJ., concur.