Argued March 26; affirmed April 21, 1936

# DERMODY *v.* FANNING
(56 P. (2d) 1150)

*Walter L. Tooze,* of Portland, for appellant.

*J. F. Boothe,* of Portland, for respondent.

KELLY, J. The decisive question here is whether the trial court erred in refusing to declare a mistrial on motion of defendant.

The ground of such motion is alleged misconduct of the attorney for plaintiff.

Comments of the judge are criticized, failure to rule as promptly as defendant thinks he should is called to our attention, and it is argued that the trial court should have rebuked the attorney for plaintiff; but no exceptions were saved to these things. For that reason, we think that they are not reviewable now.

The defendant insists that plaintiff's attorney was guilty of such misconduct as to require the trial court to declare a mistrial. This alleged misconduct consists of attempting to secure an admission by defendant that defendant had been convicted of reckless driving and had been sentenced to imprisonment in jail therefor.

Repeatedly, plaintiff's attorney urged upon the court that testimony was admissible showing that on other occasions, and at other places than those involved, defendant had driven recklessly and negligently. The trial court refused to permit the introduction of such testimony and instructed the jury to disregard counsel's statements concerning it. The defendant claims that this course, on the part of plaintiff's attorney, was such prejudicial misconduct as to entitle defendant to a new trial. We cannot agree with defendant on this point.

■ It appears that plaintiff's attorney relied upon the rule announced in some jurisdictions that testimony of similar negligence at other times and places than those in suit is admissible as tending to render it probable that defendant's conduct was negligent at the time of his collision with plaintiff: *Parkinson v. The Nashua & L. R. Co.,* 61 N. H. 416; *State v. The Manchester & L. R. R.,* 52 N. H. 528, 549, 550; *Lyman v. Boston & M. R. R.,* 66 N. H. 200 (20 Atl. 976, 11 L. R. A. 364); *Baltimore & P. R. Co. v. Carrington,* 3 App. Cas. D. C. 101; *Mack v. South-Bound R. Co.,* 52 S. C. 323 (29 S. E. 905,

40 L. R. A. 679, 68 Am. St. Rep. 913). This rule is not approved in Oregon: *Rayburn v. Day,* 126 Or. 135 (268 P. 1002, 59 A. L. R. 1062) ; *Davis v. O. & C. R. R. Co.,* 8 Or. 172. In the case at bar, the trial court properly overruled plaintiff on that point; but we are unwilling to impute bad faith to plaintiff's attorney in urging the question.

■■ It is true that plaintiff's attorney pressed the question whether defendant had received a sentence of imprisonment for reckless driving to the verge of indiscretion; but discretion and advocacy are not always companions.

It is only wilful and intentional misconduct of an attorney, as distinguished from an erroneous ruling of the court, that carries the penalty of a mistrial. The record fails to convince us that plaintiff's attorney was guilty of any such misconduct.

In *Rosumny v. Marks,* 118 Or. 248, 259 (246 P. 723), counsel was held to have acted wilfully in referring to defendant's indemnity insurance. In *State v. Blodgett,* 50 Or. 329, 342 (92 P. 820), defendant's attorney saved exceptions to the remarks concerning defendant's character made by the district attorney while addressing the jury; and in *Webb v. Isensee,* 85 Or. 148, 154 (166 P. 544), the court did not rule upon defendant's objection to the improper remarks of plaintiff's attorney made in his closing argument to the jury, nor did the court instruct the jury in respect to the matter. These three cases last herein mentioned are cited by defendant. They are clearly distinguishable from the instant case.

The judgment of the circuit court is affirmed.

CAMPBELL, C. J., and RAND and ROSSMAN, JJ., concur.