Argued September 30, affirmed October 7, 1953

## STOSE *v.* HEINRICH and HORSENY

261 P. 2d 675

*Howard K. Beebe,* of Portland, argued the cause for appellant. With him on the brief were Maguire, Shields, Morrison & Bailey, and William E. Dougherty, all of Portland.

*Oliver Crowther,* of Portland, argued the cause and filed a brief for respondent.

Before LATOURETTE, Chief Justice, and LUSK, BRAND and TOOZE, Justices.

TOOZE, J.

This is an action for damages for personal injuries suffered as the result of the alleged negligent operation of motor vehicles, brought by Marvin R. Stose, as plaintiff, against William Heinrich and Mitchell Horseny, as defendants. The case was tried to a jury. A verdict was returned in favor of defendant Mitchell Horseny and in favor of plaintiff against the defendant William Heinrich for the sum of $5,000. Judgments were entered accordingly. Defendant Heinrich appeals.

The accident involved here occurred September 26, 1948, on Sunset highway and in the vicinity of Elderberry Inn, near Elsie, Oregon. Plaintiff was riding in the front seat of a Chevrolet sedan automobile being then and there operated by his son Raymond J. Stose in an easterly direction along said highway. At the same time, defendant William Heinrich was proceeding with his automobile along said highway in an easterly direction and a short distance ahead of the Stose car. Also, at the same time, defendant Mitchell Horseny was operating a Ford truck in a westerly direction on said highway and approaching the automobiles operated by plaintiff's son and defendant Heinrich.

In his complaint plaintiff charged and offered substantial evidence to prove that defendant Heinrich brought his automobile to a sudden stop upon the paved portion of the road without giving any warning by signal or otherwise of his intention so to do, and when such stopping upon the highway could not be done in safety. Plaintiff also charged and offered substantial evidence to prove that when the Heinrich car was brought to such sudden stop, his son Raymond J. Stosè "immediately applied his brakes and swerved to the left to avoid colliding with the automobile driven by defendant William Heinrich and then attempt [sic] to get back into the southerly half of said highway in front of the automobile of William Heinrich but before getting said automobile completely back into the south half of said highway, the defendant Mitchell Horseny drove his truck into the automobile in which plaintiff was a passenger * * *", causing the injuries of which plaintiff complains.

There were conflicts in the testimony, but as against defendant Heinrich those conflicts were resolved by the jury in favor of plaintiff.

The trial court gave the following instruction to the jury:

"If the driver of the automobile in which plaintiff was riding without any fault or negligence upon his part found himself confronted by an emergency which constituted an imminent and impending danger due to the sudden stopping of the Heinrich car and the appearance of the Horseny truck, if such you find to be a fact, the fact that in attempting to escape such imminent danger he may have made a mistake in judgment would not make the driver of the Stose car guilty of negligence if his actions at such time and place were those of an ordinarily prudent person faced with a like emer-

gency, for a mistake in judgment under such circumstances is not negligence if such a mistake would be in keeping with the conduct of a reasonably prudent person. If the emergency was due to the negligence of the driver of the automobile in which plaintiff was riding, then such driver is not entitled to the benefit of the rule just called to your attention.''

To the giving of this instruction, defendant Heinrich saved the following exception:

''We further except to the Court's instructing the jury on giving young Stose the benefit of emergency, where the Court instructs the jury if he was placed in emergency by the stopping of the other car and the presence of the Horseny car coming in the opposite direction, on the ground and for the reason that is contrary to plaintiff's testimony. From his own testimony he wasn't placed in any emergency by that, because he didn't even see the Horseny car until he got up to the Heinrich car, and according to the evidence, if there was any emergency on his part he was placed in it by his own negligence.''

On this appeal the sole error assigned by defendant relates to this instruction.

It will be noted that the sole ground of the exception taken was that the instruction was ''contrary to plaintiff's testimony'', and that ''if there was any emergency on his part he was placed in it by his own negligence.''

On this appeal defendant urges other objections to the instruction for the first time. For example, he now contends: ''3. No such instruction should have been given here because, once young Stose perceived the peril, he was not thereafter mistaken in his judgment as to the proper course of action''; and ''4. Further, the instruction given here was prejudicially er-

roneous because of its generalized and incomplete statement of the law, and because its confused wording left the impression with the jury that certain facts were to be assumed.''

■■ It is well established in this state that an exception must be timely made and must bring to the attention of the trial court all of the grounds upon which it is based, before it may be considered by this court. Where the objection urged to the instruction was not presented to the trial court, it cannot be considered here for the first time. *Whitehead v. Montgomery Ward & Co., Inc.,* 194 Or 106, 128, 239 P2d 226; *Suko v. Northwestern Ice Co.,* 166 Or 557, 573, 113 P2d 209.

■ We are, therefore, limited in our consideration of the alleged error to the ground assigned in the exception.

■ To sustain defendant's contention, we would be compelled to find that under the evidence in the case Raymond J. Stose was guilty of negligence as a matter of law, and that such negligence created or contributed proximately to create the claimed emergency. This we cannot do. There is an abundance of substantial evidence in the record to make the question of Raymond J. Stose's negligence in that connection one of fact for a jury to determine. This case is readily distinguishable from *Prauss v. Adamski,* 195 Or 1, 244 P2d 598, and similar cases. An instruction upon ''sudden emergency'' was proper under the evidence in this case. Moreover, we are of the opinion that the instruction itself is a correct statement of the law.

There is no merit whatever in defendant's contention on this appeal, and the appeal itself approaches the borderline of being frivolous.

The judgment is affirmed.