Argued September 20, reversed and remanded December 12, 1956,
petition for rehearing denied February 27, 1957

# WARNER v. MAUS ET AL
### 304 P. 2d 423

*Ray G. Brown,* Portland, argued the cause and filed briefs for appellant.

*H. H. Phillips,* Portland, argued the cause for respondent Solomon Maus. With him on the brief were David H. Fertig, Phillips, Coughlin, Buell and Phillips, Portland. Homer L. Allen, Portland, filed a brief for respondent Warren G. Fleming.

Before WARNER, Chief Justice, and ROSSMAN, LUSK, BRAND, PERRY and McALLISTER, Justices.

McALLISTER, J.

This is an action to recover damages for personal injuries suffered by the plaintiff in an automobile accident. There were two defendants. At the conclusion of the evidence for the plaintiff, the defendant Fleming moved for non-suit. Plaintiff joined in the motion and it was granted. Thereafter, the jury returned its verdict in favor of the defendant Maus and from the judgment entered upon the verdict, plaintiff appeals.

On the morning of November 13, 1952, the plaintiff, Mrs. Leona Warner, was a passenger in an automobile driven by her husband which was proceeding west on

southwest Madison street in the city of Portland. In the intersection of southwest Madison with southwest Front avenue, the car in which plaintiff was riding was involved in a collision with a pickup truck driven by defendant Maus, which entered the intersection on Front avenue from the north and Mrs. Warner was injured as a result of said collision.

For the purpose of this opinion it is unnecessary to review the evidence indicating which driver was at fault. It is sufficient to say that traffic at the intersection was controlled by traffic control signal lights and that each driver accused the other of having entered the intersection against a red light. This question, obviously the controlling one in the case, was resolved by the jury against plaintiff.

■■ We find it necessary to notice but one of the eight alleged errors assigned by plaintiff in her brief. This relates to questions asked of the witness John C. Warner, the husband of the plaintiff, on cross-examination by counsel for defendant Maus. Believing the error to be clearly prejudicial, we take notice of it notwithstanding the fact that counsel for plaintiff has included it as a part of an assignment of error based on the denial of a motion for a new trial. It should not be necessary to repeat what this court has so often held, that the denial of a motion for a new trial for alleged errors committed on the trial and appearing in the record thereof is not reviewable on appeal. But in view of the fact that counsel for plaintiff made repeated objections during the cross-examination complained of and the further fact that the record in this regard is fully set forth in the brief, we feel justified in considering the error as though it had been properly assigned.

During the cross-examination of the witness John C. Warner, the following occurred:

"Q. Since 1936 Mr. Fleming, you have been involved in ten automobile accidents, haven't you?

"A. The name is Warner.

"Q. Since 1936 you have been involved in ten automobile accidents haven't you?

"A. I don't know.

"Mr. Brown: That is objected to, your Honor, and we move that the jury be instructed to disregard such inferences as that.

"Mr. Buell: Well, I think I am entitled to go into the question of that, your Honor, with regard to whether or not Mrs. Warner—

"You said Mr. Warner.

"Mr. Buell: That is what I said, Mr. Warner. This is Mr. Warner.

"The Court: Well, if it can be shown that Mrs. Warner was in the accidents and was injured, why that would be admissible. Otherwise, it would be inadmissible and you would be entitled to have it stricken. Well, I think maybe in its present form that it is subject to objection. The question is, was he involved in any accidents in which Mrs. Warner was in the car.

"Mr. Buell: I will rephrase the question.

"The Court: Ladies and gentlemen of the jury, you will disregard the questions of counsel with respect to the witness being involved in other accidents. You may proceed.

"Q. (by Mr. Buell) Mr. Warner, was Mrs. Warner a passenger in your car in any of the other automobile accidents in which you have been involved?

"A. No.

"Q. None.

"A. None.

"Q. You are sure of that, sir?

"A. I am sure.

"Q. She drives a car, does she?

"A. Yes.

"Q. Has she ever had any accidents while driving your car herself that you know of?

"Mr. Brown: This is objected to, Your Honor. It must be directed to previous injuries and not how people drove on some other occasions. Once again, I move, Your Honor, for an order directing the jury to disregard this line of questioning. If counsel persists, I shall immediately move for a mistrial.

"Mr. Buell: Well, I asked the same question that I have been permitted to ask Mr. Warner referring to Mrs. Warner alone.

"The Court: Well, I think it would have to be tied up with injuries, Mr. Buell. If she had accidents and no injury was involved, it would be of no assistance in resolving any question of fact.

"Mr. Buell: Of course, we have never had the opportunity to question Mr. Warner before this time.

"The Court: I appreciate that fact, but you may question him now upon matters which would be pertinent and not otherwise. Ladies and gentlemen of the jury, you will disregard counsel's * * * I think that is unnecessary. You may proceed.

"Q. And you are quite sure, of course, that she was never injured in any accident in which you were involved?

"Mr. Brown: That is objected to again, Your Honor.

"The Court: Well, I will overrule the objection.

"Q. (by Mr. Buell) You are sure?

"The Court: You may answer. What was the question? Read the question. (The question was read).

"The Court: Well, I didn't sense the objection. It must be limited to injury. I overlooked the aspect of the question. I will sustain the objection.

"Mr. Brown: And we move that the jury be asked to disregard it.

"Mr. Buell: I thought that I phrased that differently.

"The Court: Well, it doesn't constitute evidence, Mr. Brown. There is nothing to disregard as I see it. I felt differently with reference to other accidents. If there is anything to disregard, you will disregard it, ladies and gentlemen."

The law is well settled that evidence of negligence of a party on a previous occasion is not proof of his negligence on the occasion in question. *Rayburn v. Day,* 126 Or 135, 143, 144; 268 P 1002. The mere fact that the driver of an automobile has been involved in one or more accidents is not relevant or material on the question to be decided by the jury in a case like this. And such irrelevant evidence, may be very prejudicial, especially when it is suggested that the person has been involved in many previous accidents.

In *Bracht v. Palace Laundry Co.,* 156 Or 151, 65 P2d 1039, this court held that it was erroneous and prejudicial to permit testimony that the driver of the defendant's truck had driven for many years and had not been involved in a previous accident. In that case the court said:

"* * * It was no more proper for the defendant to introduce evidence of the fact that the driver had not had any accidents over a long period of time than it would be for the plaintiff to show by testimony that the driver of the truck had in the past had numerous accidents. Such testimony is not material or relevant to the issues, and in the present case we believe that it was prejudicial to

the plaintiff: Dermody v. Fanning, 153 Or. 392 (56 P. (2d) 1150); Rayburn v. Day, 126 Or. 135 (268 P. 1002, 59 A.L.R. 1062).''

■ It would have been proper to inquire whether Mrs. Warner had previously sustained injuries but the court failed to limit the cross-examination to that question and did not clearly admonish the jury to completely disregard any reference to any previous accidents in which Mr. Warner may have been involved.

The seriousness of the matter was accentuated by counsel for defendant in his closing argument to the jury. There was a dispute as to whether the defendant Maus had reported the accident to the police. Counsel for the defendant was contending in his argument that such reports are available to the public and counsel for the plaintiff objected, saying that such reports are secret and confidential, whereupon counsel for the defendant rejoined:

"Your Honor, I have got a certificate from the Secretary of State showing every automobile accident that Mr. Warner was involved in, and it is not a confidential matter, and Mr. Brown could have the same thing."

Notwithstanding the correctness of his position on the question of the confidential nature of these reports, this reference to "every automobile accident that Mr. Warner was involved in" was not only unnecessary, but it ignored the previous ruling of the court and under the circumstances was prejudicial.

■ Because of the foregoing error, plaintiff was deprived of her right to a fair trial on the legitimate issues in the case and the judgment is therefore reversed and the cause remanded.

Justice PERRY concurs in the result.