Argued October 30, 1956, affirmed May 1, 1957

## LILLEY ET AL *v.* GIFFORD PHILLIPS WOOD PRODUCTS, INC.

310 P. 2d 337

*Austin Dunn,* Baker, argued the cause for appellant. On the brief were Dunn & Jackson, Baker.

*David C. Silven,* Baker, argued the cause for respondents. On the brief were Banta, Silven & Horton, Baker.

Before Warner*, Chief Justice, and Rossman, Lusk, Perry** and McAllister, Justices.

PERRY, C. J.

This action was commenced by plaintiffs G. P. Lilley and Louise P. Lilley, co-partners, d.b.a. Baker

---

\* Chief Justice when cause was argued.
\*\* Chief Justice when decision was rendered.

Wood Products, against defendant Gifford Phillips Wood Products, Inc., a corporation, to recover damages for the defendant's breach of a parol lease.

The basis of the complaint is that Hughson Lumber Ventures orally rented from the plaintiffs, on a month to month basis, buildings and woodworking equipment; and it was agreed between these parties that Hughson Lumber Ventures could remove the plaintiffs' machinery for its convenience, but that, at the termination of its tenancy, the machinery was to be replaced in position and in the same general condition as it was in at the commencement of the tenancy. In July, 1953, the defendant succeeded to the interests and became subject to the responsibilities of the Hughson Lumber Ventures; that at the voluntary termination of the tenancy defendant failed and refused to replace in the building the machinery and equipment removed or to restore it to the same general physical condition of repair as when received by Hughson Lumber Ventures. The defendant denied these conditions of the agreement. The jury returned a verdict for the plaintiffs and the defendant appeals.

The defendant assigns as error the giving by the trial court of the following instruction:

"In the defendant's second amended answer, there appear allegations to the effect that the matters in this case have already been settled in another case between the same parties. You are instructed that the matters involved in this case were not settled or determined in such other cases, they being, one, an action for rental, and the other being for damages to the concrete floor and the wall and for the conversion of certain personal property. Now, the case that was tried just before this was for damages to the building and for the conversion of certain personal property. In this present case,

the only items of damage which you can consider are such damages as would result from a breach of the contract, if you find there was such a contract on the part of the defendants to reposition and replace this equipment in the same position and condition it was at the time they took possession of it under the lease. No materials, no personal property, no damage to the building, is involved in this case. Neither is there any rent. That case was also tried.''

To the giving of this instruction the defendant took the following exception:

''Defendants take exception to the Court's giving of its Instruction No. XIII, for the reason that it is a comment on the evidence, emphasizes the plaintiffs' case by the comment, and is highly prejudicial to the defendant.''

██ In its answer, the defendant alleged that the issues presented here were res judicata by reason of previous litigated matters between these same parties. It must be noted that the exception as taken is not to the trial court's withdrawal of this defense from the consideration of the jury, but only to the effect that the instruction, as such, is a comment upon the evidence. The withdrawal of an issue from the consideration of the jury is the determination of a question of law and is not a comment upon the evidence condemned by ORS 17.255. This exception is entirely insufficient to raise the point argued in the brief,—that the present action is res judicata.

ORS 17.510 provides:

''No instruction given to a jury in the circuit court shall be subject to review upon appeal unless its error, if any, was pointed out to the judge who gave it and unless a notation of an exception was made in the circuit court. It shall be unnecessary

to note an exception in the circuit court to any other ruling made. All adverse rulings except those contained in instructions given shall import an exception in favor of the party against whom the ruling was made.''

■ The purpose of requiring exceptions to instructions is to point out to the trial court wherein it may be in error, and give opportunity to that court to correct any error into which it may have fallen. *Frangos v. Edmunds*, 179 Or 577, 173 P2d 596; *Green Mt. L. Co. v. C. & N. R. R.*, 141 Or 188, 16 P2d 1106; *State of Oregon v. Zorn*, 22 Or 591, 30 P 317.

In *Stose v. Heinrich and Horseny*, 199 Or 386, 390, 261 P2d 675, we stated:

"It is well established in this state that an exception must be timely made and must bring to the attention of the trial court all of the grounds upon which it is based, before it may be considered by this court. Where the objection urged to the instruction was not presented to the trial court, it cannot be considered here for the first time. Whitehead v. Montgomery Ward & Co., Inc., 194 Or 106, 128, 239 P2d 226; Suko v. Northwestern Ice Co., 166 Or 557, 573, 113 P2d 209.''

There is, however, no merit in defendant's contention.

"It is settled law in this State, as elsewhere, that a judgment or decree rendered upon the merits is a final and conclusive determination of the rights of the parties, and a bar to a subsequent proceeding between them upon the same claim or cause of suit, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and had decided as incident to or essentially connected therewith, either as a matter of claim or defense * * *, *but that when the action is upon a different claim or demand the former judgment can only operate as a bar or an estoppel*

*as against matters actually litigated* or questions directly in issue in the former action: * * *. This distinction should always be kept in mind in considering the effect of a former judgment or decree. If the second action or defense is upon the same claim or demand, the former judgment is a bar not only as to matters actually determined, but such as could have been litigated; but, if it is upon another claim or demand, the former judgment is not a bar, except as to questions actually determined or directly in issue.'' (Italics ours.) *Ruckman v. Union Railway Co.*, 45 Or 578, 581, 78 P 748, 69 LRA 480.

This rule of law was again applied and approved in *Wagner v. Savage, as Adm'r,* 195 Or 128, 244 P2d 161.

An examination of the causes of action relied upon by the defendant as a bar to these proceedings discloses that each arises *ex delicto*.

One of the causes of action relied upon sounds in damages for waste committed by the defendant upon the real property of the plaintiff. These issues were formed upon the following allegations made by the plaintiffs in their complaint:

### "III.

"That the above named defendant, under oral lease of the premises of the plaintiffs situate in Block 17 & 18 (19), McCrary's Addition to the City of Baker, Oregon, the defendant occupied the building situate thereon, and is now occupying the same, removing therefrom the equipment of the defendant heretofore installed therein.

### "IV.

"That in the removal of said equipment the defendant has damaged and destroyed the concrete floor and walls of said building by ripping out electrical conduits which has been imbedded therein, all to the plaintiffs' damage in the sum of $250.00.''

This is an entirely different cause of action from the case in bar, which alleges a cause of action for breach of a clause in the contract that permitted the removal of the heavy machinery, but at the termination of the lease required its repositioning and reconditioning.

The second cause of action, previously adjudicated between these parties and relied upon by the defendant as barring this action, was alleged as follows:

"* * * plaintiffs, having leased the plaintiffs' building in Block 17 & 18 (19) of McCrary's Addition to Baker, Oregon, to Huson [sic] Lumber Ventures, permitted said Huson [sic] Lumber Ventures to possess and use said personal property described in said Exhibit "A"; that thereafter the defendant, successor in interest of said Huson [sic] Lumber Ventures took and retained possession thereof.

"That heretofore and on or about November 14, 1953, the plaintiffs made demand upon the defendant for the return of said personal property but the defendant refused to return the same, and unlawfully converted and disposed of said property to its own use and to the plaintiffs' damage in the sum of $2,163 ($2,000)."

These allegations were answered by a general denial.

It is clear that if there was a contract, express or implied, in the lease agreement to return the personal property of the plaintiffs, (which consisted of hand tools and fittings) at all, or in an equally good condition as when received, the plaintiffs by their pleadings waived their right to sue for breach of that agreement and sought recovery solely for a tortious taking of the property prior to the expiration of the time when, by reason of the contract of lease, demand for performance, under what we are required to assume was the agreement, could be enforced.

■ It seems obvious to us that these former causes of action, relied upon by the defendant to defeat the present action, were purely and simply actions sounding in tort for waste and for the conversion of personal property. Therefore, the present suit is based upon another claim or demand, and the prior actions do not constitute a bar to the maintenance of this cause.

The defendant also assigns as error the refusal of the trial court to discharge from this jury certain jurors who had sat as jurors upon the trial of the previous cases between these parties. The challenge was upon the ground of implied bias.

■■ It is, of course, elementary that the parties to an action are entitled to try their issues before impartial jurors. An impartial juror is one whose state of mind is such at the commencement of the trial that he favors none of the litigants more than the other and will be influenced to favor the cause of one over the other only by a conviction of the right of a party's position, based upon competent evidence and the law of the case.

The general rule of implied bias is stated in 31 Am Jur 676, Jury § 162, as follows:

> "Jurors who have acted in a case involving an essential question of fact have been held incompetent to sit in a subsequent case where such question of fact is one of the material issues; this is on the ground that the juror is biased in that he has formed or expressed an opinion, and in some cases the rule has been adhered to even though the juror declared on his voir dire that he was unbiased."

In this state, as in others where the statutes define implied bias, the statutory grounds alone are controlling. *State v. Scoble,* 28 Idaho 721, 155 P 969;

*Sorseleil v. Red Lake Falls Milling Co.,* 111 Minn 275, 126 NW 903; *State v. Morse,* 35 SD 18, 150 NW 293.

Insofar as is pertinent to this case, ORS 17.140 reads as follows:

> "A challenge for implied bias may be taken for any or all of the following causes, but not otherwise.
>
> "* * * * *
>
> "(3) Having served as a juror on a previous trial in the same action, or in another action between the same parties for the same cause of action, or in a criminal action by the state against either party, upon substantially the same facts or transaction."

■ Defendant contends the words of the statute "or in another action between the same parties for the same cause of action" should be interpreted in a broad sense to include all causes between the same parties where a fact or a combination of facts offered to support a cause of action may be the same or similar although the cause of action is different.

The statute, however, speaks specifically of causes of action that are the same, and grants the challenge only when the causes of action are the same. We are not at liberty to substitute wording that would sustain defendant's viewpoint when it appears the legislature expressly provided that such a construction should apply only in criminal cases.

The previous causes of action upon which certain jurors sat are those previously discussed, together with proof there had been tried a cause of action for rent alleged to have accrued after the termination of the contract herein sued upon; therefore, the cause of ac-

tion in the case at bar is not the same as any cause of action previously tried.

We have carefully considered the other assignments of error set out in defendant's brief, but find them without merit.

The judgment of the trial court is affirmed.