Argued March 4, affirmed March 25, 1964

# BRIGHAM *v.* SOUTHERN PACIFIC COMPANY

390 P. 2d 669

*Clayton Hess,* Portland, argued the cause for appellant. On the brief were Hess & Hess, Portland.

*James H. Clarke,* Portland, argued the cause for respondent. With him on the brief were Koerner, Young, McColloch & Dezendorf and John Gordon Gearin, Portland.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

## SLOAN, J.

This is an action controlled by the Federal Employers' Liability Act. Plaintiff alleged that he was injured in the course of his night time employment by defendant when he tripped and fell over a loose tie that had been negligently left between tracks 8 and 9 of defendant's Brooklyn Yards in Portland. The case was submitted to a jury. Defendant prevailed and plaintiff appeals. The assignments of error are directed at the refusal of the court to allow a mistrial, the admission of certain evidence and to instructions given to the jury.

■ Prior to the alleged accident plaintiff had suffered other injuries and illnesses. The pleadings and evidence created issues in respect to the relationship of plaintiff's physical condition prior to the accident and the injuries, if any, that plaintiff sustained when he fell. Defendant's counsel, in his opening statement, described plaintiff's previous injuries and stated to the jury that plaintiff was "accident prone." Plaintiff moved for a mistrial with the claim that the comment was prejudicial. The motion was denied. "A ruling on a motion for a mistrial will not be disturbed unless there is a palpable abuse of discretion." *Johnson v. Hansen,* 237 Or 1, 389 P2d 330. No abuse can be found here.

During the trial defendant offered in evidence certain documentary evidence relating to plaintiff's previous injuries. The evidence was admitted over plaintiff's objections. Plaintiff claims error.

■ Plaintiff relies on *Warner v. Maus et al,* 1957, 209 Or 529, 304 P2d 423, to support his assignments. The *Warner* case held that it was error to admit evidence of negligence on previous occasions in an attempt to establish the negligence of a party at the time in dispute. In the instant case the evidence was admitted in an attempt to show that plaintiff's injuries were pre-existing. The *Warner* case (209 Or at 535) states that it is permissible, in these circumstances, to inquire as to previous injury. The trial court did not err in admitting the evidence.

There is one assignment that presents a more difficult problem. The trial court gave this instruction in respect to proximate cause:

"Proximate cause is defined generally as the cause which led to or might naturally be expected to produce the result.

"In other words, proximate cause of an accident or injury is that cause which in a natural and continuous sequence, unbroken by any efficient intervening cause produces the accident or injury and without which the result would not have occurred.

"It is the efficient cause, the one that necessarily sets in operation the factors that accomplish the end result."

Plaintiff voiced this exception to the instructions:

"Also as to the instructions as actually given, it was the Court's instructions in order to, by his negligence in this case to have found recovery for the plaintiff, that it must be the proximate cause of the accidents."

It is observed that this instruction is in the traditional form. We also observe that Federal Employers' Liability Act cases are controlled by the decisions of the federal courts.

Since the decision in *Rogers v. Missouri Pacific R. Co.,* 1957, 352 US 500, 77 S Ct 443, 1 L Ed2d 493, it appears that such an instruction is not permissible. *DeLima v. Trinidad Corporation,* (USCA 2d Cir 1962) 302 F2d 585; *Page v. St. Louis Southwestern Railway Company,* (USCA 5th Cir 1963) 312 F2d 84; *Ammar v. American Export Lines, Inc.,* (USCA 2d Cir 1964) 326 F2d 955. In the *Page* case, however, the court qualified its holding by saying that "This case does not call for any wholesale condemnation of the use of language of proximate causation in cases under this Act. Our holding is confined to the instructions and the facts of this particular case." 312 F2d at 92. But this is not all that is revealed in these cases.

■ It is clear that in a Federal Employers' Liability Act case submitted to the jury an instruction must be given that requires a finding of a causal relation

between the acts of alleged negligence and of plaintiff's injury in order to establish a defendant's liability. The cases do not make it clear as to what that instruction should say. *Bertrand v. Southern Pacific Company* (USCA 9th Cir 1960) 282 F2d 569, is typical of this lack of clarity.

We are convinced that the exception taken was far from adequate to focus the trial court's attention on the troublesome issues presented in the cases cited. An instruction in causation was necessary. The court was not required to edit the instructions given and eliminate that part which may have been objectionable. Nor was the court obliged to formulate an instruction that would meet plaintiff's unspecified objections. "The purpose of requiring exceptions to instructions is to point out to the trial court wherein it may be in error, and give opportunity to that court to correct any error into which it may have fallen." *Lilley et al v. Gifford Phillips, Inc.*, 1957, 210 Or 278, 282, 310 P2d 337; *Stose v. Heinrich and Horseny*, 1953, 199 Or 386, 261 P2d 675. The rule stated is peculiarly appropriate to the instant case.

There are two other assignments directed at instructions given. Neither assignment merits discussion. Affirmed.