Argued January 8, affirmed January 20, petition for rehearing
denied March 16, 1965

## TWILLEAGER *v.* MODIN
398 P. 2d 181

*Robert L. Olson,* Portland, argued the cause and filed a brief for appellant.

*James G. Breathouwer,* Portland, argued the cause for respondent. On the brief were Reiter, Day, Anderson & Wall, Portland.

Before McALLISTER, Chief Justice, and PERRY, GOODWIN, DENECKE and HOLMAN, Justices.

PER CURIAM.

This is an action for damages for injuries allegedly suffered in an automobile collision. The plaintiff appeals from a judgment entered upon a jury verdict for the defendant.

Only one ruling is assigned as error pursuant to ORS 19.010. The trial court permitted the defendant to cross-examine the plaintiff about former litigation in which the plaintiff had alleged that he had received injuries in automobile collisions.

One of the issues in the case was the extent, if any, to which the plaintiff's present physical complaints were causally related to the intersection collision out of which the action arose. The plaintiff's physical condition following former accidents was, therefore, relevant. There was no error in permitting the defendant to cross-examine the plaintiff concerning his former injuries and what he said about them in other litigation. *Brigham v. S. P. Company*, 78 Or Adv Sh 591, 390 P2d 669 (1964).

Affirmed.

# STATE HIGHWAY COMMISSION *v.* CENTRAL PAVING CO. ET AL

### 399 P. 2d 1019

Highway condemnation action. The Circuit Court, Polk County, Arlie G. Walker, J., entered a judgment of $4,500 in favor of the landowners and the state highway commission appealed. The Supreme Court, O'Connell, J., held that the landowners could not recover compensation for circuity of route resulting from construction of limited access highway where landowners' access to existing two-lane highway was replaced by access to frontage road constructed along a widened and improved highway.

Reversed and remanded for a new trial.

### Eminent domain—Circuity of route

1. Landowners could not recover compensation for circuity of route resulting from construction of limited access highway where landowners' access to existing two-lane highway was replaced by access to frontage road constructed along widened and improved highway.

### Eminent domain—Access

2. Limitation on landowners' access to their land from throughway as result of limited access highway construction was not deprivation of an interest in land within statute providing that state highway commission may acquire interest in any real property where acquisition of interest is necessary for construction of a throughway. ORS 374.035.

### Evidence—Value witness

3. A value witness need not attribute a value to each of elements properly employed in reaching his ultimate estimate of value but if estimate is based in part upon an element improperly employed, estimate is not competent evidence and condemnor is entitled to inquire as to value attributed to improperly employed element for purpose of reducing value estimate by that amount, or, if it cannot be segregated, to insist that witness' estimate be stricken.

### Eminent domain—Expense of replacing area

4. Expense of replacing area of land taken by filling in adjacent land was not a proper element to consider in arriving at amount of damages.

### Eminent domain—Increased possibility of vandalism

5. Increased possibility of vandalism with respect to landowners' remaining property not taken was not a proper element to consider in arriving at amount of damages.

### Evidence—Offers to purchase property

6. Evidence of offers to purchase property in question was not admissible to establish value.