Argued December 10, 1964, reversed and remanded
February 24, 1965

# FRAZEE *v.* BRAZDA

399 P. 2d 346

*Gerald R. Pullen,* Portland, argued the cause for appellant. On the brief were Hershiser, McMenamin, Blyth & Jones.

*Ray G. Brown,* Portland, argued the cause and filed a brief for respondent.

Before MCALLISTER, Chief Justice, and SLOAN, GOODWIN, DENECKE and LUSK, Justices.

McALLISTER, C. J.

In June, 1962, the plaintiff, Titus A. Frazee, was crossing Belmont Street, in Portland, when he was allegedly struck by an automobile driven by defendant. The jury found in favor of plaintiff and awarded him general damages of $25 and special damages of $25. The court at first refused to accept the verdict on the ground that the damages awarded were nominal, and sent the jury out for further deliberation. While the jury was again deliberating the court called the jury back to the courtroom, accepted the original verdict and discharged the jury. A judgment was then entered on the verdict. Thereafter the court, upon motion of the plaintiff, set aside the judgment and granted a

new trial. From the order granting a new trial the defendant appeals.

There was evidence from which the jury could have found that the defendant had stopped his car at the intersection, had waited for traffic, and had just started up when he heard a yell and saw plaintiff "pushing off" from his car and saw him fall down;[1] that defendant had traveled about two feet and was still in the crosswalk when he stopped his car after seeing plaintiff fall down; that plaintiff refused offers of assistance, would not go to a nearby hospital, and made no complaint of injury.

Plaintiff testified that as a result of this accident he had received injuries to his heel, his back in both the lumbo-sacral and the cervical areas, and suffered headaches. Plaintiff also testified on cross-examination that he had been injured in three prior motor vehicle accidents, one in 1951 and one in 1956, both involving back injuries, and another in 1959 involving a "general wrenching, battering and bruising of plaintiff's body."

■ Plaintiff's motion for a new trial was based,

---

[1] [Brazda on direct examination]

"BY MR. BROWN * * * * *

"Q * * * The first time you saw him was when your attention was attracted by his yelling, is that right?

"A  Yes, sir.

"Q  And then when you looked up what did you see?

"A  I saw the pedestrian in front of me.

"Q  What was he doing?

"A  He was pushing off from my car.

"Q  Was he still yelling?

"A  Yes, sir.

"Q  And then what happened to him?

"A  Well, as he pushed off of my car I lost sight of him because he fell down.

"Q  All right. Did you bring your car to a stop?

"A  Yes, sir."

first, on the ground of misconduct of the jury "in stubbornly refusing to follow the instructions of the court," and, second, on misconduct of counsel for the defendant "in his opening statement and throughout the trial." If the motion for new trial should have been sustained on either ground, we must affirm. *Russell v. Congregation Neveh Zedeck,* 236 Or 291, 296, 388 P2d 272 (1964); *Shultz v. Monterey,* 232 Or 421, 375 P2d 829 (1962); *Hillman v. North. Wasco Co. PUD,* 213 Or 264, 323 P2d 664 (1958).

We think the first ground of plaintiff's motion for a new trial was not well taken. Nominal damages are usually defined as a trivial sum and are usually represented by a judgment for one dollar or a lesser sum. See *Baden v. Sunset Fuel Co.,* 225 Or 116, 118, 357 P2d 410 (1960), and authorities there cited. However, an examination of the cases will disclose that the term "nominal" as applied to damages is a relative term and will frequently vary according to the circumstances of each case. What may be substantial damages in one case may be held nominal under other circumstances. *Western Union Telegraph Co. v. Glenn,* 8 Ga App 168, 68 SE 881 (1910); *Cathey v. Arkansas Power & Light Co.,* 193 Ark 92, 97 SW2d 624, 626 (1936). An award of $25 general damages might be nominal in a case in which a plaintiff admittedly received substantial injuries, but we cannot hold the award nominal in this case. The defendant contended that plaintiff had sustained no injury whatever, and there was evidence from which the jury could have concluded that plaintiff's injuries, if any, were only superficial. If the jury reached such a conclusion, it may well have concluded also that $25 was reasonable compensation for a superficial bruise or abrasion and that $25 was reasonable compensation for any medical

treatment which may have been required by such an injury. In the context of this case we cannot say as a matter of law that an award of $25 was a "trivial" sum. See *Baden v. Sunset Fuel Co.*, supra, where we held that an award of $100 was more than nominal.

There is also no merit in the second ground of plaintiff's motion for a new trial. It was admitted that on three prior occasions the plaintiff had sustained injuries to the same parts of his body as were allegedly injured in this accident. Those prior injuries to the same areas of the body were properly subject to inquiry in this case. *Brigham v. Southern Pacific Co.*, 237 Or 120, 122, 390 P2d 669 (1964); *Warner v. Maus,* 209 Or 529, 535, 304 P2d 423 (1957); *O'Shea v. Jewel Tea Co.*, 233 F2d 530, 532 (7th Cir 1956); *Fahey v. Clark,* 125 Conn 44, 3 A2d 313, 120 ALR 517 (1938).

The order of the lower court is reversed and the case remanded with instructions to reinstate the judgment for the plaintiff.