## PFLUGFELDER v
## CONVENT OF THE GOOD SHEPHERD

Ohio Appeals, 6th Dist, Lucas Co

Decided Nov 2, 1936

Otto L. Hankison, Toledo, and W. E. Orthwein, Toledo, for appellee.

George N. Fell, Toledo, George H. Fell, Toledo, and A. M. Streicher, Toledo, for appellant.

## OPINION

By OVERMYER, J.

This action was brought by the plaintiff-appellee, Clarence Pflugfelder, against the defendant-appellant, The Convent of the Good Shepherd of Toledo, Ohio, to recover damages for personal injuries suffered by the plaintiff in a collision between a truck he was operating and a bull owned by defendant, which occurred on a highway in this county. On trial, a verdict was returned for the plaintiff in the sum of $7500 upon which judgment was entered.

In seeking a reversal of that judgment, the defendant urges certain alleged errors: Error in admission and rejection of evidence; that the verdict is contrary to law and against the weight of the evidence; that the plaintiff was guilty of contributory negligence as a matter of law; that the damages are excessive; and error in the charge.

The allegations of the amended petition in substance are that on September 29, 1932, at about 9:30 A. M., while plaintiff was driving a truck weighing five tons and loaded with five tons of stone, at a speed of 17 miles per hour, on Reynolds road in this county, a public and much traveled highway, at a point where the highway is adjacent to defendant's premises, a young bull owned by the defendant which, owing to the negligence of the defendant was loose in the highway, having gained access to the highway through a defective wire fence maintained by defendant, suddenly leaped out of a ditch on the side of the road on which plaintiff was traveling, and in trying to cross the highway ran toward and into the truck, as a result of which the truck was overturned against and onto a bridge, resulting in serious injuries to the plaintiff.

The amended answer to the amended

petition admits the ownership of the premises, the ownership of the bull, the occurence of the collision, and that plaintiff suffered injury. It then denies generally all allegations as to negligence and liability and sets up as a defense that it is a charitable institution and hence not liable for the negligent acts of its servants and employes, and also charges plaintiff with contributory negligence.

The trial court refused to admit the charter of the defendant in evidence, and this is assigned as error. We find no error in this respect. In Sisters of Charity of Cincinnati v Duvelius, 123 Oh St 52, 173 N E, 737, it is held in the second paragraph of the syllabus: "Charitable institutions, public and private, are on the same basis as other corporations and individuals as to liability for negligence to those who are not beneficiaries of the charity."

No one claims in this case that the plaintiff was a beneficiary, in any manner, of the defendant's charitable activities.

In urging that the verdict is contrary to law, defendant's counsel insist that the owner of a domestic animal, not vicious by nature, is liable only for such acts of his animal as are in accordance with the natural propensities of the animal, and as could have been anticipated by him, and is not liable for the vicious acts of his domestic animals unless he had or should have had knowledge of its vicious propensities, and that there is no claim made that the animal here was vicious or possessed vicious propensities or that the defendant had or should have had knowledge thereof.

This action, however, is not based on viciousness of the animal, but is an action in tort, and, as held by the Supreme Court in Drew v Gross, 112 Oh St 485, 489, 147 N E, 757:

"The owner of a domestic animal is responsible for negligence in its keeping whereby damage is occasioned. The principal test, as to whether the owner is or is not negligent, is whether he could or could not reasonably have anticipated the occurance which resulted in the injury. It is a question of fact for the jury whether an owner of horses who turns them loose unattended into a field adjacent to a much-traveled highway in the nighttime, the fence of which field is in such defective condition that the horses may easily stray out onto the highway, could have anticipated that one of the horses would stray out onto the highway and collide with an automobile thereon."

There is evidence in the record before us, not alone, from the plaintiff but from the foreman or superintendent of the defendant's premises, that the fence near the point where the event happened was defective in places and bent over, and that nearby was a bridge on the highway and that only two strands of wire were strung across the small stream along defendant's line. The bull belonged in the field or enclosure, but had left the enclosure and was loose on the highway at or near the point where it is testified the fence was defective. The position of the animal, whether in the ditch or on the roadway, its actions and conduct are to be considered regarding the question of whether the driver could have avoided a collision. This presented a jury question, and the fact that the collision occurred in the daytime instead of at night makes it none the less so under the evidence in this case.

It is further said in the case of Drew v Gross, supra, at page 490:

"The owner of livestock is charegable with knowledge of the propensities of his livestock and is bound to know that horses or cattle when placed in an enclosure where the fence is so defective that they may easily pass out of the inclosure and onto adjacent property will probably do so."

On the question of contributory negligence, it is urged that at a speed of 17 miles per hour the driver could have avoided the animal by stopping the truck, and that he was guilty of contributory negligence as a matter of law by not stopping his truck within the assured clear distance ahead. The testimony of the plaintiff and another truck driver approaching from and about equidistant on the other side of the bridge, the only witnesses present at the time, is that the bull suddenly leaped out of the ditch where plaintiff says he had seen it when he was about 50 feet from the bridge and that the bull was about 15 to 25 feet from the bridge, between the plaintiff and the bridge. Plaintiff swerved his truck to the left and it appears the bull came under the right front wheel of the truck. Considering the total weight of ten tons of the truck and load and the fact that the bull was in the ditch and not on the roadway when first seen by plain-

tiff, it can not be said as a matter of law that the plaintiff was guilty of contributory negligence in not avoiding the animal. The Supreme Court of Ohio has held that there may be circumstances where the assured clear distance ahead statute (§12603 GC) would not be applicable as a rule of negligence per se. In such situations, it becomes a question of ordinary care—a jury question. It became a jury question in this case and was properly submitted as such.

The plaintiff received serious injuries from which he is still suffering and which medical witnesses testify are of a permanent character. He is a young man and the evidence indicates he has developed a permanent arthritis in his right knee as a result of the injuries and a change of contour of the joint with crepitation; he suffered many painful cuts and bruises and was totally incapacitated for months, and is still unable to do much work.

We find the amount of the verdict is not manifestly against the weight of the evidence, and we find no error in the record prejudicial in character to the rights of the defendant. The judgment must be affirmed.

Judgment affirmed.

LLOYD and CARPENTER, JJ, concur.