Dungan, Appellant, *v.* Hart, Appellee.

(No. 754—Decided September 12, 1958.)

*Mr. James P. Jones,* for appellant.
*Messrs. Spidel, Staley & Hole,* for appellee.

Hornbeck, P. J.   This is an appeal on questions of law from a judgment of dismissal of the petition after a general demurrer thereto had been sustained.

One error is assigned: The judgment is contrary to law.

Upon this assignment, two propositions are urged: (1) That the court failed to apply the doctrine of *res ipsa loquitur*; and (2) that the court failed to hold that Section 951.02 of the Revised Code, upon the averments of the petition, made a prima facie case on behalf of the plaintiff.

The petition, so far as material to the errors assigned, alleges that on "January 26, 1957, at about 7:30 o'clock p. m., plaintiff was moving northwesterly on state route 49 and when approximately in front of the property owned by the defendant, Robert Hart, a cow belonging to said defendant entered into and upon the aforesaid state route No. 49 and into the path of the automobile being operated as aforesaid by Ruth E. Dungan, causing said automobile to collide with said cow and directly and proximately causing injuries to the person of said Ruth E. Dungan, plaintiff herein * * *."

No specific averment of negligence is asserted against the defendant. It is basic to the application of *res ipsa loquitur* that the agency or instrumentality which produces the injury is under the control and management of the defendant. This averment is probably met by the allegation that the cow which moved into the path of the automobile on route 49 belonged to the defendant. The averment of ownership would support the inference of control. But this is an inference.

It is a further requisite that the averments of the petition require the conclusion that the defendant negligently permitted his cow to enter into and upon route 49 and into the path of plaintiff's automobile. *St. Marys Gas Co.* v. *Brodbeck*, 114 Ohio St., 423, 151 N. E., 323. In view of the opinion in *Marsh* v. *Koons*, 78 Ohio St., 68, 84 N. E., 599, 125 Am. St. Rep., 688, which we hereinafter discuss, the conclusion that the acts of defendant alleged were negligent is not justified. It is probable also that to reach such a conclusion would be basing an inference on an inference, which is not permissible. *Sobolovitz* v. *Lubric Oil Co.*, 107 Ohio St., 204, 140 N. E., 634.

The petition, in our judgment, does not state a cause of action upon the basis of *res ipsa loquitur*.

The second proposition asserted by appellant is that the trial judge failed to accord to the petition the benefit of Section 951.02, Revised Code, which she claims made a prima facie case against the defendant. This section provides:

"A person, firm or corporation which is the owner or has charge of * * * cattle * * * shall not permit them to run at large in the public road, highway * * *.

"* * *

"The running at large of any such animal in or upon any of the places mentioned in this section is prima-facie evidence that it is running at large in violation of this section."

The averments of the petition state a prima facie case of violation of this statute, viz., that the defendant owner permitted his cow to run at large on the highway. But that fact alone does not establish the essential that the defendant negligently permitted the cow to run at large.

A predecessor statute, substantially the same as Section 951.02, Revised Code, was held not to be for the purpose of protecting travelers on the highway but for the protection against trespass. The violation of a statute, to constitute negligence, requires the showing that the obligation imposed was for the benefit of the person alleging injury. 29 Ohio Jurisprudence, 431, Section 39. The holding in *Marsh* v. *Koons, supra* (78 Ohio St., 68), was strengthened by the provision of a cognate section of the Code, now Section 951.10, Revised Code. Judge Summers, in the opinion of *Marsh* v. *Koons, supra,* said, page 71:

"At common law the owner of cattle did not owe to travelers on the highway the duty to prevent his cattle from being at large upon the highway, but if that had been his duty the common law would have afforded the traveler a remedy by an action in damages against the owner for the injuries he sustained because of the owner's negligence in the performance of that duty; and so it is held in numerous cases that when it is made unlawful for cattle to be at large in the highway that the owner owes such a duty to the traveler, that he is entitled to the common law remedy in damages although the only remedy given by the statute is a penalty not made payable to the party injured."

Both propositions contended for by appellant are con-

sidered in an annotation in 140 A. L. R., 742. Some of the cases there considered which seem to be in conflict with *Marsh* v. *Koons, supra,* are based on statutes of somewhat different content than Section 951.01, Revised Code. A later annotation in 59 A. L. R. (2d), 1328, further annotates the question. The tendencies of the cases there set out is in favor of the claims here asserted in behalf of plaintiff.

The Ohio statute exacts a penalty against the owner of an animal who permits it to run at large without respect to his negligence associated with such permission. An averment of facts constituting a violation by the defendant of the statute, without more, does not state a cause of action for damages suffered by plaintiff, a traveler on the highway.

In the light of developments in transportation and the practice of fencing stock from access to a highway much could be said in favor of extending the purview of Section 951.02, Revised Code, so that a prima facie case of negligence against the owner or one in charge of an animal would be made when it appears that he permitted it to run at large on the highway. It may also be urged with considerable conviction that the doctrine of *res ipsa loquitur* should be given application on averments such as found in the petition here. But the history of the pertinent legislation and the holding in *Marsh* v. *Koons, supra* (78 Ohio St., 68), precludes such construction of the averments of the petition until and unless that case is reversed.

The judgment is, therefore, affirmed.

*Judgment affirmed.*

WISEMAN and CRAWFORD, JJ., concur.