BOLTON v. BARKHURST ET AL.

[Cite as Bolton v. Barkhurst (1971), 27 Ohio Misc. 105.]

(No. 40543—Decided April 28, 1971.)

Common Pleas Court of Wood County.

*Messrs. Marsh & Crowley*, for plaintiffs.
*Mr. John Halleck*, for defendant Mertz.
*Mr. Martin L. Hanna*, for defendants Barkhurst.

## FACTS

COLLER, J.  The defendants, Robert Barkhurst and Sue Barkhurst, were the owners of a mare and one month old colt.

They boarded said horses with the defendant Fernleigh S. Mertz.

On April 9, 1970, about 11:30 p. m., while the plaintiff, Jo Anne Bolton, was driving an automobile along the Kellogg Road in front of the Mertz place, she ran into the horses, or the horses ran into the automobile of plaintiff; and plaintiff sustained injuries.

The horses had been kept in an enclosure near the residence of the defendant Mertz, which enclosure on the west side thereof consisted of a post and wooden fence, and a 14-foot wooden gate, which gate was secured by a small chain.

Beyond the gate was an area enclosed with a fence, with a metal and wire gate about fourteen feet wide, which gate leads to a driveway west of the Mertz residence, which driveway ran to the Kellogg Road.  The metal gate was apparently left open.

Plaintiff claims the wooden gate was either left open or the horses broke the chain, which plaintiff claims was inadequate.

Defendants admit the chain was broken, but that a windstorm which occurred that day may have broken it.

Defendants, Robert and Sue Barkhurst, on February 19, 1971, filed general denials and a second defense of contributory negligence. At the same time said defendants filed 19 interrogatories and 5 requests for admissions.

Defendant Mertz on February 23, 1971, filed a general denial and a defense of contributory negligence. At the same time, he filed 19 interrogatories and 5 requests for admissions.

On February 13, 1971, the plaintiff filed a motion for summary judgment.

Several affidavits have been filed by plaintiff and defendants. Depositions were taken.

Plaintiff claims the defendants are strictly liable.

The defendants claim: first, that plaintiff must prove negligence on part of defendant which contributed to her injuries; second, that contributory negligence is a defense on behalf of defendants.

CONCLUSIONS OF LAW

Plaintiff, in support of her claim of strict liability, relies upon R. C. 951.02 and the case of *Burrowes* v. *Dean*, 24 Ohio Misc. 77.

R. C. 951.02 is a penal statute. (See R. C. 951.07.)

"The violation of a statute, to constitute negligence, requires the showing that the obligation imposed was for the benefit of the person alleging the injury."

See headnotes in the case of *Dungan* v. *Hart*, 107 Ohio App. 431.

In the *Dungan case,* we also find this statement.

"The Ohio statute exacts a penalty against the owner of an animal who permits it to run at large without respect to his negligence associated with such permission." * * * "In the light of developments in transportation and the practice of fencing stock from access to a highway much could be said in favor of extending the purview of R. C.

951.02, so that a prima facie case of negligence against the owner or one in charge of an animal would be made when it appears that he permitted it to run at large on the highway. It may also be urged with considerable conviction that the doctrine of *res ipsa loquitur* should be given application on averments such as found in the petition here. But the history of the pertinent legislation and the holding in *Marsh* v. *Koons, supra*, 78 Ohio St. 68, precludes such construction of the averments of the petition until and unless that case is reversed.''

In the early case of *Pflugfelder* v. *Covenant of the Good Shepherd*, 55 Ohio App. 158, the first syllabus reads as follows:

''The owner of a bull which has found its way out of a defective enclosure and has gone onto a highway where it is struck by a motor vehicle, resulting in injury to the driver thereof, may be held liable in an action in tort regardless of whether or not the animal had vicious propensities, or the owner's knowledge thereof. *The negligence of the owner in such case is a jury question.*''

See also the case of *Sutfin* v. *Burton*, 48 O. O. 298.

This court cannot reconcile the case of *Burrowes* v. *Dean*, 24 Ohio Misc. 77, with the above-cited cases. If that case was decided on the basis of trespass on part of the animal (steer), then the decision is in conformity with the law of Ohio. If it was a case of negligence, then this court feels it does not conform to the law of Ohio.

The instant case is based upon negligence of the owners and keeper of the horses.

In the case of *Nixon* v. *Harris*, 15 Ohio St. 2d 105, 109, Judge Herbert, in a unanimous decision by the Supreme Court of Ohio, stated:

''The following is also from the opinion of the Court of appeals: In *Drew* v. *Gross*, 112 Ohio St. 485, it is stated in syllabus one: 'The owner of a domestic animal is responsible for negligence in its keeping whereby damage is occasioned.' In *Barber* v. *Krieg*, 172 Ohio St. 433, the syllabus states: 'The owner of a domestic animal is responsible for negligence in its keeping whereby damage is occa-

sioned.' From the foregoing citations it will appear that the common-law rule of strict liability in trespass does not obtain in Ohio.''

''We are in complete agreement with those cases. They were tried upon the theory of negligence, i. e., that the negligent act of the *owner* of the animal was a proximate cause of plaintiff's damages. Trespass was not an issue. The case at bar, however, is one *in trespass*; the acts of the *animal* alone were the proximate cause of the boy's injuries. Negligence was not an issue.''

R. C. 951.10 reads as follows:

''The owner or keeper of an animal described in R. C. 951.02, who permits it to run at large in violation of such section, is liable for all damages caused by such animal *upon the premises of another* without reference to the fence which may enclose such premises. Such owner or keeper shall not be liable for damages accruing to a railroad.''

It will be noted that R. C. 951.10 applies to trespass ''upon the premises of another'' and not the highway and provides for strict liability for damages done by the animal ''upon the premises of another.'' The violation of that section is not a case of negligence, but of trespass.

The instant case, being based upon the negligence of the defendants, the burden of proving negligence by a preponderance of the evidence rests upon the plaintiff.

It follows, therefore, that the defendants may prove contributory negligence upon the part of the plaintiff.

See the *Pflugfelder* case, *supra*, second syllabus, which reads as follows:

''Where a bull suddenly leaps out of a ditch onto a public highway and is struck by a heavy motor truck, the assured clear distance statute is not applicable as a rule of negligence *per se*, but the issue of contributory negligence of the motor truck driver becomes a question of due care.''

The motion of plaintiff for a summary judgment is overruled.

*Judgment accordingly.*