Bolton et al., Appellants, v. Barkhurst et al., Appellees.

[Cite as Bolton v. Barkhurst (1973), 40 Ohio App. 2d 353.]

(No. 1045—Decided January 12, 1973.)

*Messrs. Marsh & Crowley*, for appellants.

*Messrs. Hanna & Hanna*, for appellees Robert Barkhurst and Sue Barkhurst.

*Mr. Daniel M. Phillips*, for appellee Fernleigh S. Mertz.

Brown, J. Plaintiffs JoAnne Bolton and William Bolton, two of the appellants herein, appealed from a judgment on a jury verdict for defendants-appellees Robert Barkhurst and Sue Barkhurst, lessees of a stable area for a horse and colt, and for defendant-appellee Fernleigh Mertz, owner of the farm from which he leased the one-fourth acre stable area to lessees.

Whenever the designation "plaintiff" is used herein, it will refer to plaintiff JoAnne Bolton. Plaintiff William Bolton has a claim for loss of consortium resulting from his wife's injuries; plaintiff Hartford Insurance Company alleges a subrogation claim for automobile collision benefits paid to its insureds, the Boltons; plaintiff Blue Cross of Northwest Ohio asserts a subrogation claim for medical and hospital expenses paid for plaintiff. The

derivative rights of these latter three plaintiffs will stand or fall with the claim for relief of plaintiff JoAnne Bolton.

Plaintiff, on April 9, 1970, at about 11:30 p. m., while driving easterly on Kellogg Road, a two-lane improved highway, in Wood County, was seriously injured by colliding with a horse and colt owned by lessees, the Barkhursts, which had escaped from the stable and the barnyard area leased from Mertz. The horse and colt were struck and killed by plaintiff in her eastbound lane of travel. The leased area was a few hundred feet south of Kellogg Road on the large farm of defendant Mertz, on the south side of Kellogg Road. The stable area for the horse and colt was enclosed by a wooden fence and by a wooden post in good condition upon which a 14 foot wide gate was fastened, when closed by a metal chain furnished by the Barkhursts. After the collision, the gate was found partially opened and the well worn chain in two pieces was unfastened from the post and hanging down on the gate. There was evidence of a heavy wind the day preceding the collision. The horse and colt were gentle and had no vicious propensities.

The investigating officer found debris, blood and tufts of hair close to the center line in the eastbound lane of Kellogg Road, from which evidence the point of impact can be inferred. The horse was found dead at the north edge of the pavement at a point 48 feet east of the point of impact, and the colt was found dead at the south edge of the pavement, 190 feet east of the point of impact. Plaintiff's car traveled 460 feet east from the point of impact until it was stopped by a large tree on the north side of Kellogg Road. A compilation of undisputed evidence from several witnesses is that after the collision the dead horse had a gaping, deep wound in the buttocks area, about 12 inches long and about 6 inches wide, an open split extending from just under the tail downward through the vulva and part of the tail was torn off. No other wound marks appeared on the horse. The dead colt had several breaks along one side but no other visible marks of injury.

Plaintiff was alone in her car when the collision occurred and suffered amnesia, causing an inability to remember the collision or any events during a four hour interval following the accident. There were no eye witnesses to the collision. The pertinent evidence summarized supports an inference that plaintiff, while traveling at high speed in her eastbound lane of travel on Kellogg Road, struck the horse in its buttocks area, splitting it open, and also struck the colt, sending each animal flying diagonally in somewhat opposite directions from each other for a substantial distance.

Four assignments of error and part of another assignment of error deal with the trial court's refusal to grant plaintiff a summary judgment on the issue of liability and also its submission of the case to the jury with instructions to reach a verdict on the basis of the rules of negligence, contributory negligence and proximate cause. The plaintiffs claim this was error for the reason that plaintiffs are entitled to have their rights to recover against defendants on the theory of strict or absolute liability of defendants, and not on the theory of negligence.

Plaintiffs' contention that the rule of strict liability applies to an owner or keeper of an animal who permits it to go upon a highway proximately causing a collision is based largely upon the case of *Burrowes* v. *Dean* (1970), 24 Ohio Misc. 77, a Court of Common Pleas decision. For reasons hereinafter explained, we reject this contention, do not follow it, and are not required to follow the holding in *Burrowes* v. *Dean, supra,* and conclude that the trial court in all trial procedures on the question of liability properly applied the law of negligence to the facts and in the instructions to the jury, and that all other assigned errors pertaining to the admissibility of evidence and otherwise, not related to the proper theory of the liability of defendants, are without merit. We affirm. See the opinion of the Court of Common Pleas of Wood County, in *Bolton* v. *Barkhurst* (1971), 27 Ohio Misc. 105.

*Burrowes* v. *Dean, supra,* stands alone in Ohio for the proposition that the rule of strict liability applies to make

an owner or keeper of an animal liable for injuries proximately caused to a traveler on the highway.

Plaintiff also contends that the case of *Nixon* v. *Harris* (1968), 15 Ohio St. 2d. 105, establishes the rule of strict liability. However, *Nixon, supra,* is not applicable to the present case because it did not involve an injury caused on a highway by an animal breaking from its enclosure, but was an injury caused to a boy on his father's farm when the boy was gored by an animal which escaped from the neighboring farmer's enclosure, as is apparent from the syllabus, the law of the case, as follows:

"If an animal breaks into the enclosed land of another, or gains entrance into such enclosure by jumping over the fence, and there damages real or personal property of the one in possession, or injures a member of his family, the owner of the trespassing animal is liable without reference to whether or not such animal was vicious and without reference to whether such propensity was known to its owner. (*Morgan* v. *Hudnell,* 52 Ohio St. 552, approved and followed.)"

*Nixon, supra,* cites *Morgan* v. *Hudnell,* with approval. However, in the *Morgan* case, again, we have no highway accident, but an injury to plaintiff's horse on plaintiff's premises by the escape of defendant's horse from defendant's enclosure and strict liability based upon the law on trespass, as it was in the *Nixon* case.

The *Nixon* case, *supra* at page 109, cites with explicit approval *Drew* v. *Gross,* 112 Ohio St. 485 and *Barber* v. *Krieg,* 172 Ohio St. 433, stating that the latter two cases were tried upon the theory of negligence and that trespass was not an issue.

Both *Drew* v. *Gross,* and *Barber* v. *Krieg,* involved claims that the negligence of the owner of an animal, in not keeping it off the highway, caused property damage or personal injury to a traveler on the highway. *Drew* relates to property damage to plaintiff's automobile and *Barber* relates to personal injury to a plaintiff, who was a passenger in an automobile.

In *Barber* v. *Krieg, supra* at page 435, the Ohio Sup-

reme Court stated that R. C. 951.02 and R. C. 951.10, which prohibit owners or keepers of animals from allowing them to run at large, are statutes designed for the purpose of preventing trespass and not for the benefit of highway travelers, and cites, as support, the case of *Marsh* v. *Koons* (1908), 78 Ohio St. 68.

Thus, a careful analysis of the development of Ohio judicial precedent in this area of tort law reveals that the *Nixon* case, *supra*, approves *Barber* v. *Krieg, supra*, and the latter case approves *Marsh* v. *Koons, supra*. Thus, *Marsh* v. *Koons* is still the law in Ohio and, based upon paragraph one of the syllabus thereof, stands for the following proposition of law. The purpose and object of R. C. 951.02 and R. C. 951.10, which make it unlawful for the owner or keeper of animals to permit them to run at large on a public highway, and imposes responsibility on him for all damages done by such animals to the premises of another, is not to protect travelers on the highway, but is the prevention of trespasses; the owner of such an animal is not, merely because of the existence of such statutes, liable in damages to a traveler on the highway—except where his negligence in permitting the animal to run at large directly and proximately causes injury to the highway traveler. *Dungen* v. *Hart* (1958), 107 App. 431; 39 Ohio Jurisprudence 2d 555, Negligence, Section 45.

Plaintiff's counsel contends that the rationale and rule of strict liability of the *Nixon* case, *supra*, in the interests of justice, should apply to this case, and that it is ludicrous to impose strict liability with regard to trespasses of animals in corn fields, but not with regard to trespasses or the unlawful running at large of animals on highways. We recognize the plausibility of this contention, but to make it the law of Ohio would require overruling the Ohio Supreme Court decisions in *Marsh* v. *Koons, supra, Barber* v. *Krieg, supra* and *Drew* v. *Gross, supra*, while extending the application of *Nixon* v. *Harris, supra*, beyond the law of that case. As an appellate court, we are unable to do this, but the Ohio Supreme Court has such prerogative.

Under the *Koons* rule, *supra,* the jury in the present case had facts sufficient to find that all of the defendants were not negligent. *Sutfin* v. *Burton* (1951), 91 Ohio App. 177; 2 Ohio Jurisprudence 2d 430, Animals, Section 46; 59 A. L. R. 2d 1328.

Since defendants' liability is predicated upon the law of negligence, the issue of the contributory negligence of plaintiff JoAnne Bolton arises in this case. The driver of an automobile is required to exercise reasonable care to avoid injuring or killing livestock on the highway. *Pflugfelder* v. *The Convent of the Good Shepherd* (1936), 55 Ohio App. 158; *Hennenfent* v. *Flath* (N. D. 1954), 66 N. W. 2d 533; 59 A. L. R. 2d. 1366.

There was no evidence that the animals suddenly entered the path or line of travel of plaintiff immediately before the collision and that such sudden entry rendered her unable, in the exercise of ordinary care, to avoid the collision. *Motorists Mutual Ins. Co.* v. *Peck* (1964), 6 Ohio App. 2d 220. Rather, the distance plaintiff's car traveled after the impact with the animals, the absence of skid marks, the evidence as to the point of impact, the automobile wreckage, and the tremendous open split of the rear of the horse constitute a sound predicate for a jury inference that plaintiff struck the horse while it was in her lane of travel and headed in the same direction as she, and that she kept no lookout ahead, thus violating the assured clear distance ahead provision of R. C. 4511.21. Consequently, she was contributorily negligent. *Transportation Corp.* v. *Lenox Trucking Inc.* (1968), 15 Ohio St. 2d 1; *Francis* v. *Bieber* (1967), 10 Ohio St. 2d 65; *Kuhn* v. *Zabotsky* (1967), 9 Ohio St. 2d 129; *McFadden* v. *Breuer Transportation Co.* (1952), 156 Ohio St. 430.

In fact, it is arguable that plaintiff's manner of driving was so clearly a disregard of the assured clear distance ahead provision of R. C. 4511.21 that her conduct was negligence as a matter of law, thus barring recovery.

Viewed in the foregoing factual context of plaintiff's carelessness in driving, her claimed errors, 4, 5, 6, 7, 9, 10, except 10(i), dealing with the improper exclusion and ad-

mission of evidence and the claimed misconduct of defense counsel are nonprejudicial. The few items as to which error might have been committed would not warrant a reversal of the jury verdict. Plaintiffs' counsel was given considerable latitude in presenting the case and many rulings were made in favor of plaintiffs. The exhibits pertaining to evidence which plaintiffs objected to and contended were covered by the doctor-patient privilege were excluded by the trial court. Plaintiffs were entitled to a fair trial, not to a perfect trial, and this was accorded to them.

The proper application of the assured clear distance ahead provision of R. C. 4511.21, by the trial judge, to the facts in the present case, as previously discussed, compels a conclusion that assignment of error 10(i) is not well taken.

The judgment of the Court of Common Pleas of Wood County on the jury verdict in favor of all three defendants is affirmed.

*Judgment affirmed.*

Wiley, J., concurring. I concur in the judgment and also in the opinion of Judge Clifford F. Brown, with the exception of the statement made with reference to the contention of the plaintiff's counsel, as follows:

"We recognize some plausibility in this contention * * *." The contention referred to was that of plaintiff's counsel that the rationale and rule of strict liability of the law of trespass of the *Nixon* case, *supra,* in the interest of justice should apply to the present *Bolton* case, and that it is ludicrous to impose strict liability with regard to trespasses of animals in cornfields, but not with regard to trespasses of animals on highways.

I recognize no such plausibility. Upon a consideration of the established law of Ohio, the contention of plaintiff's counsel is not even superficially fair or reasonable; on the contrary, it is totally without merit. Neither do I concur in the gratuitous statement of our colleague, beginning with the words, "to make it the law of Ohio" down to and in-

360

cluding the words "the Ohio Supreme Court has such prerogative," in that the statement suggests that the Ohio Supreme Court, as well as the appellate court, should give some favorable consideration to this contention.

The law of Ohio applicable to animals on highways is the law of negligence. The law of *trespass quare clausum fregit,* as originally developed in the common law, awarded damages on the basis of strict liability for (1) damages to the real estate only, and (2) as expanded by the case of *Morgan* v. *Hudnell* (1895), 52 Ohio St. 552, included damages to personal property, and the case of *Nixon* v. *Harris,* 15 Ohio St. 2d 105, extended damages to personal injuries. It is to be noted in these cases just cited that the gravamen of the offense was the breaking into the close of another and is absolutely differentiated from the running at large of animals, prohibited by the statutes of the state of Ohio.

POTTER, P. J., concurs in the foregoing concurring opinion.