122

(No. 81AP-757—Decided April 22, 1982.)

*Messrs. Hamilton, Kramer, Myers, Summers & Cheek, Ms. Evelyn J. Stratton* and *Mr. William Geary,* for plaintiff-appellee.

*Mr. Arthur G. Wesner,* for defendant-appellant Sue Shoaf.

*Mr. J. David Harris,* for defendants-appellees Anita C. Gilliland et al.

WHITESIDE, P.J., Defendant Sue Shoaf appeals from a judgment of the Franklin County Municipal Court and raises four assignments of error as follows:

"1. The court erred in holding that it was negligence for the defendant-appellant to get on a horse.

"2. The court erred in holding that the defendant-appellant had a duty to foresee that the owner of a horse would place her on the horse without adjusting the stirrups, that the horse would begin to run out of control, that the horse would

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., APPELLEE, *v.* SHOAF, APPELLANT; GILLILAND ET AL., APPELLEES.

not respond to verbal commands, that the owner of the horse in attempting to capture the horse would run directly into the horse's path, causing the horse to veer and throw the defendant-appellant to the ground whereafter, that the horse would be chased by its owner to a practical standstill, whereafter, between six and ten children would chase the horse, joined by a dog, whereby the horse would leave the area where the defendant-appellant had been riding, go out onto a side street, down the street onto a main thoroughfare, whereupon, it would be seen by a passing motorist, who upon seeing the animal, would apply his accelerator, instead of his brakes, colliding with the horse, damaging his motor vehicle.

"3. The court erred in failing to find that the owner of the damaged motor vehicle, plaintiff-appellee, was contributorily negligent in that when confronted with a horse in front of him on the roadway, he accelerated his motor vehicle instead of attempting to stop it.

"4. The judgment of the court is against the manifest weight of the evidence."

Defendant Shoaf was found jointly and severally liable with her codefendant, Anita Luwall, to plaintiff State Farm Mutual Automobile Insurance Company for damages sustained by plaintiff's insured as a result of a collision between the insured's automobile and a horse owned by defendant Luwall and ridden by defendant Shoaf.

The trial court found that defendant Luwall was negligent in turning her horse over to defendant Shoaf, an inexperienced rider, in a crowded residential area without fences and in an area near streets with busy traffic. The court further found defendant Shoaf negligent in riding the horse since she was fully aware of her own inexperience and the dangers involved, as well as the nature of the surrounding area.

Defendant Shoaf's first and fourth assignments of error involve related issues of whether the trial court's judg-

ment that she was negligent was contrary to law and against the manifest weight of the evidence.

Defendant Shoaf alleges that the trial court erred in finding that the combined acts of negligence of defendant Luwall and defendant Shoaf proximately caused the injuries to plaintiff's insured. Defendant Shoaf states that the only evidence of her conduct was that she accepted a ride on defendant Luwall's horse and was thrown off, and that the accident was caused solely by defendant Luwall's negligence in allowing an inexperienced rider to ride her horse under the surrounding circumstances.

Liability for negligence is based upon conduct involving unreasonable risk to another which must be established by affirmative evidence tending to show that such conduct falls below the standard represented by the conduct of a reasonable person under the same or similar circumstances. See paragraph two of the syllabus of *Englehardt* v. *Philipps* (1939), 136 Ohio St. 73 [15 O.O. 581]. In determining whether a defendant exercised that care which an ordinary and prudent person would have exercised under the same or similar circumstances, an important factor is whether the injury could or could not have been anticipated from the acts done or left undone by the defendant. In *Drew* v. *Gross* (1925), 112 Ohio St. 485, at page 491, the Ohio Supreme Court specifically described this duty of the owner of an animal to observe ordinary care, as follows:

"* * * This duty in modern times requires that the owner of livestock exercise ordinary care not to let his livestock stray out onto a much-traveled highway, because under our modern traffic conditions he can reasonably anticipate that if the livestock stray onto such a highway they are apt to damage persons or property."

Defendant Luwall's negligence was not predicated upon allowing her horse to stray onto the road but, rather, upon entrusting her horse to an inexperienced

rider in an open area behind an apartment complex which abutted a busy street. Under these circumstances, defendant Luwall should reasonably anticipate an inexperienced rider's losing control of the horse, with the resultant danger to others if the horse ran out onto the road.

It naturally follows that, if defendant Luwall was negligent in entrusting her horse to defendant Shoaf, Shoaf would be negligent for riding the horse, unless she was unaware of the attendant dangers. The evidence in this case, however, was that defendant Shoaf was fully aware not only of the dangers involved and the nature of the surrounding area but also of her inexperience in controlling horses.

Additionally, without defendant Shoaf's failing to control the horse, the wrongful entrustment by defendant Luwall could not be said to have proximately caused the injury to plaintiff's insured. *Elliott* v. *Harding* (1923), 107 Ohio St. 501. A horse with a rider does not ordinarily get out of control unless the rider or some other outside force causes the horse to go out of control or the horse has a natural propensity to do so. There was no evidence presented herein of an outside force causing the horse to go out of control or of any natural propensity of the horse to do so; accordingly, it was permissible for the trial court to infer that defendant Shoaf's negligence was a proximate cause of the injury.

The trial court did not err in finding that the combined negligence of defendants Luwall and Shoaf proximately caused the injuries to plaintiff's insured; the owner's negligence arising from the act of knowingly entrusting the horse to an inexperienced rider, and the latter's negligence arising from riding the horse she was unable to control. *Gulla* v. *Straus* (1950), 154 Ohio St. 193 [42 O.O. 261]. These findings are supported by competent, credible evidence. The first and fourth assignments of error are not well taken.

By the second assignment of error, defendant Shoaf alleges that, even if she were negligent in failing to control the horse, such negligence was not the proximate cause of the injuries to plaintiff's insured.

Defendant Shoaf states that the intervening acts consisting of the owner chasing the horse to an apparent standstill, the pursuit of the horse into the street by neighborhood children and a dog, and plaintiff's insured accelerating when he saw the horse in the road were not foreseeable and, therefore, broke the causal connection between any negligence on her part and the injuries to plaintiff's insured.

The test for proximate cause, however, is not whether the defendant should have reasonably foreseen the injury in the precise form in which it resulted or should have anticipated the particular acts which followed after she failed to control the horse but whether, in light of all the circumstances, an injury was likely to result to someone. *Mudrich* v. *Standard Oil Co.* (1950), 153 Ohio St. 31 [41 O.O. 117]. It is stated by the Ohio Supreme Court in paragraph one of the syllabus of *Mouse* v. *Central Savings & Trust Co.* (1929), 120 Ohio St. 599, as follows:

"The mere fact that the intervention of a responsible human being can be traced between the defendant's alleged wrongful act and the injury complained of does not absolve him upon the ground of lack of proximate cause if the injury ensued in the ordinary course of events, and if the intervening cause was set in motion by the defendant."

The connection between defendant Shoaf's negligence and the injury was a continuous chain of events in which her negligence never came to rest or stopped. Therefore, the trial court did not err in finding that defendant Shoaf's negligence was a proximate cause of the injuries to plaintiff's insured. The second assignment of error is not well taken.

By the third assignment of error,

defendant Shoaf states that the trial court erred in finding that plaintiff's insured was not contributorily negligent.

Defendant Shoaf alleges that, subsequent to the trial court's decision in this case, the law in Ohio changed so that a person cannot be liable for allowing an animal to stray onto the highway. Hence, the defendant contends that in a situation of encountering animals on the highway, the rule is, "Let the driver beware." She reaches this conclusion upon the following statement taken out of context from the recent Ohio Supreme Court opinion in *Reed* v. *Molnar* (1981), 67 Ohio St. 2d 76, at page 81 [21 O.O.3d 48]:

"* * * we find that it may not be said that the presence of unattended cattle on the public highway is an occurrence that would not have materialized absent someone's negligence. * * *"

Within the context of the opinion, however, this statement relates to the court's holding that the doctrine of *res ipsa loquitur* is inapplicable because of the recognition that animals may at times escape without fault of their owners. Furthermore, while rejecting theories of recovery based on strict liability, negligence *per se* and *res ipsa loquitur,* the court in *Reed* v. *Molnar* reaffirmed a long line of Ohio decisions holding that liability of the owner of an animal for injuries sustained when the animal strays onto the highway is determined by the law of negligence. *Bolton* v. *Barkhurst* (1973), 40 Ohio App. 2d 353 [69 O.O.2d 316].

Of course, the driver of an automobile is required to exercise reasonable care to avoid injuring or killing livestock at large on the highway. The trial court herein found that the action of the plaintiff's insured in accelerating to try and swerve away from a horse which came running out from a road intersecting the road upon which the insured was traveling was not unreasonable.

Where an animal suddenly runs out from the side of the road, R.C. 4511.21, the assured-clear-distance statute, is not applicable as a rule of negligence *per se.* See paragraph two of the headnotes of *Pflugfelder* v. *Convent of the Good Shepherd* (1936), 55 Ohio App. 158 [8 O.O. 431]. Rather, there is a factual question of whether the animal entered the vehicle's path within the then assured clear distance ahead. Therefore, the issue of whether a driver exercised due care becomes a question of fact upon which reasonable minds could differ. We should not invade the rightful province of the trial court which found, upon the evidence presented, that the plaintiff's insured did not act unreasonably when he saw a blur on his left and tried to swerve away from the running horse. Since the court's finding is supported by credible evidence, the third assignment of error is not well taken.

For the foregoing reasons, the assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and NORRIS, JJ., concur.