VARGA ET AL., APPELLANTS, *v.* WELSH ET AL., APPELLEES.

(No. 1596 — Decided February 3, 1986.)

*Steve Colecchi,* for appellants.
*Robert Drexler,* for appellees.
*Marie Mirro Edmonds,* for Blue Cross of Northeast Ohio.
*Thomas A. Ciccolini,* for Motorists Mutual Insurance Company.

DAHLING, P.J. This is an appeal from the Portage County Court of Common Pleas. The defendants were granted a motion for summary judgment.

Plaintiff Dorothy Varga was injured in a motor vehicle accident when she struck a duck, lost control of her car and struck a telephone pole.

Plaintiff claimed that the ducks were owned and kept by the defendants, John and Joann Welsh. She claimed that the defendants were negligent in permitting the ducks to run on the highway.

Defendant John Welsh testified that he did not own or keep the ducks. He stated that there was a pond on his property. He also stated that there were at least two other ponds in the vicinity that were used by the ducks.

The accident was investigated by Officer John W. Janoch of the Streetsboro Police Department. Plaintiffs submitted the affidavit of Officer Janoch where he stated "that either Mr. or Mrs. Welsh acknowledged ownership of the duck," and replied that they would "go out and take care of it."

Defendant John Welsh claims that he was just getting out of bed and a police officer yelled something up to the window. In his deposition, John Welsh stated:

"* * * I thought it was one of my white cats. He just said something was hurt by the side of the road and left.

"* * *

"Q. Did you make any statement to him at that time?

"A. No. By the time I got dressed and got downstairs, he was gone."

Later, on the day of the accident, two of plaintiffs' sons came to the defendants' residence. They asked John Welsh if he owned the ducks, and he stated that he did not.

The defendants filed their answer to the complaint and denied the allegations. Blue Cross of Northeast Ohio and Motorists Mutual Insurance Company intervened in the lawsuit as party plaintiffs for payments of insurance proceeds on behalf of plaintiffs.

The defendants filed their motion for summary judgment. The plaintiffs responded with a memorandum and supporting affidavits.

The trial court sustained the defendants' motion for summary judgment and dismissed the complaint of the plaintiffs.

The plaintiffs timely filed their notice of appeal.

Assignment of Error

"The trial court erred in granting the motion for summary judgment."

This assignment of error is without merit.

Civ. R. 56(B) states in part:

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof. * * *"

Civ. R. 56(C) states in part:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, [and] affidavits, * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"

As a matter of law, the defendants did not own the ducks. Ducks are "wild birds," which are included in the definition of "wild animals," title to which is in the state. R.C. 1531.02.

R.C. 1531.01 states in part:

"As used in Chapters 1531. and 1533. of the Revised Code:

"* * *

"(Q) 'Wild birds' includes game birds and nongame birds.

"* * *

"(S) 'Game birds' includes pheasants, quail, ruffed grouse, * * * duck, geese, and brant.

"* * *

"(X) 'Wild animals' includes * * * wild birds * * * and all other wild mammals."

The defendants cannot be held to be owners of the ducks. The defendants cannot be held liable for not keeping them fenced in.

R.C. 971.22 concerns damage by trespassing animals. However, the statute addresses the failure or neglect of a person to keep up and maintain fences in good repair.

The defendants are not liable for not keeping ducks enclosed on their property.

In *Englehardt* v. *Philipps* (1939), 136 Ohio St. 73 [15 O.O. 581], at paragraph two of the syllabus, the court stated:

"Legal liability for negligence is based upon conduct involving unreasonable risk to another, which must be established by affirmative evidence tending to show that such conduct falls below the standard represented by the conduct of reasonable men under the same or similar circumstances."

In *Drew* v. *Gross* (1925), 112 Ohio St. 485, at 491, the Ohio Supreme Court specifically described the duty of the owner of an animal to observe ordinary care, as follows:

"* * * This duty in modern times requires that the owner of livestock exercise ordinary care not to let his livestock stray out onto a much-traveled highway, because under our modern traffic conditions he can reasonably anticipate that if the livestock stray onto such a highway they are apt to damage persons or property."

There is a long line of Ohio decisions holding that liability of the owner of an animal for an injury sustained when the animal strays onto the highway is determined by the law of negligence. *State Farm Mut. Auto. Ins. Co.* v. *Shoaf* (1982), 4 Ohio App. 3d 122; *Reed* v. *Molnar* (1981), 67 Ohio St. 2d 76 [21 O.O.3d 48]; *Bolton* v. *Barkhurst* (1973), 40 Ohio App. 2d 353 [69 O.O.2d 316].

The affidavit attached to the plaintiffs' brief states that appellee John Welsh "acknowledged ownership of the duck." However, this is not clear from the wording of the affidavit. The statement was not an assertion of ownership.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD and COOK, JJ., concur.