OPINION
{¶ 1} Defendant-appellant, Tim Townsend (hereinafter "Townsend"), appeals the judgment of the Celina Municipal Court which awards plaintiffs-appellees, Elizabeth Snider (hereinafter "Snider") and Motorists Mutual Insurance Company (hereinafter "Motorists"), the sums of $250.00 and $662.66, respectively, and further orders Townsend to pay $221.32 in court costs.
 {¶ 2} On March 24, 2002, Snider drove her automobile on Rice Road in rural Mercer County, Ohio. Snider proceeded at a speed of approximately 55 miles per hour when she saw two colored chickens along the right-hand side of the road but off the traveled roadway. Townsend owned the two chickens, and he had allowed them to roam free on his nearby property.
 {¶ 3} Upon spotting the chickens, Snider testified she disengaged her cruise control, slowed her vehicle, honked her horn, and moved her automobile so that it more or less straddled the center line. Nevertheless, one of the chickens struck Snider's automobile and caused damage to the front-right headlight and fender.
 {¶ 4} The damage to Snider's automobile totaled $912.66. Motorists insured Snider. Under the terms of her policy, Snider paid a $250.00 deductible toward the damage. Motorists paid an additional $662.66 to cover the balance.
 {¶ 5} On February 26, 2004, Snider and Motorists brought suit to recoup the amounts paid. The complaint alleged Townsend was negligent in allowing his chickens to roam free near the road. Townsend defended on the grounds that Snider was contributorily negligent, had failed to keep an assured clear distance, and had failed to exercise reasonable control. Townsend filed a counterclaim alleging Snider was negligent in operating her automobile and sought to recover the value of the chicken.
 {¶ 6} The trial court concluded Townsend was negligent and ruled in favor of Snider and Motorists. The trial court determined Snider was not contributorily negligent in her driving, speed, or actions. Consequently, the trial court also ruled in favor of Snider on Townsend's counterclaim. The trial court then ordered Townsend to pay $250.00 to Snider, $662.66 to Motorists, and $221.32 in court costs.
 {¶ 7} It is from this decision that Townsend appeals, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. 1 The Trial Court erred rendering a decision in favor ofPlaintiff-Appellee by not finding the Plaintiff-Appellee contributorilynegligent, failing to keep assured clear distance and failure to keepreasonable control of her motor vehicle.
 {¶ 8} In his sole assignment of error, Townsend contends that Snider violated the "assured clear distance ahead" rule set forth in R.C.4511.21(A). From this premise, Townsend also argues Snider failed to exercise reasonable care and was negligent. For the reasons that follow, we find that Townsend's assignment of error is without merit.
 {¶ 9} R.C. 4511.21(A) provides, in part, as follows:
No person shall operate a motor vehicle * * * at a speed greater orless than is reasonable or proper, having due regard to the traffic,surface, and width of the street or highway and any other conditions, andno person shall drive any motor vehicle * * * in and upon any street orhighway at a greater speed than will permit the person to bring it to astop within the assured clear distance ahead.
A person violates the statute only if "there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." Pond v. Leslein (1995), 72 Ohio St.3d 50, 52,647 N.E.2d 477, quoting Blair v. Goff-Kirby Co. (1976), 49 Ohio St.2d 5,7, 358 N.E.2d 634 (citing McFadden v. Elmer C. Breuer Transp. Co.
(1952), 156 Ohio St. 430, 103 N.E.2d 385).
 {¶ 10} Ordinarily, satisfaction of the four elements is a question of fact. Pond, 72 Ohio St.3d at 52. In determining whether a judgment is against the manifest weight of the evidence, a reviewing court will not reverse the trial court on a question of fact if the record contains competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus.
 {¶ 11} Snider was the sole witness to the featherly collision. Snider's testimony establishes that she saw two colored chickens along the right-hand side of the road. Neither chicken, however, was on the traveled roadway. Thereafter, Snider moved her automobile so that it straddled the center line and created a wide berth as she passed the chickens. She subsequently heard something impact her automobile. Snider's testimony, in essence, establishes that the smash up was a fowl suicide.
 {¶ 12} Although one chicken was in the traveled part of the roadway when contact was made, we cannot conclude from the evidence available to the trial court that the chicken was in Snider's "path of travel" at anytime except perhaps suddenly prior to its demise.
 {¶ 13} Even if we assume, arguendo, that the first element of thePond standard is established, there is still insufficient evidence to establish either the second or third elements. While Snider testified that one chicken was "sitting" off of the traveled roadway, she believed that same chicken flew sideways into the front-right side of her automobile. Aside from Snider's testimony, there is no indication, either in the transcript of the final hearing or the record as a whole, as to whether the deceased chicken was "stationary or moving in the same direction as the driver" immediately prior to, or at the point of, impact. Furthermore, there is no other testimony or evidence indicating the chicken "did not suddenly appear in the driver's path." Thus, we cannot agree with Townsend that he has met his burden of proving a violation of R.C. 4511.21(A).
 {¶ 14} Townsend cites Bolton v. Barkhurst (1973), 40 Ohio App.2d 353,319 N.E.2d 376, and Grout v. Joseph (Oct. 13, 2000), 2nd Dist. No. 2000 CA 20, for the proposition that "[t]he driver of an automobile is required to exercise reasonable care to avoid injuring or killing livestock on the highway." Bolton, 40 Ohio App.2d at 358 (citations omitted). Unlike the instant matter, however, the drivers in Bolton andGrout struck animals that were on the traveled part of the roadway well before impact. Therefore, we find Bolton and Grout to be factually distinguishable and unpersuasive.
 {¶ 15} In summary, there is substantial, credible evidence in the record going to each element of the plaintiffs' claims. Because there is insufficient evidence to find a violation of R.C. 4511.21(A), Townsend has not established his defense of contributory negligence or his counterclaim for the value of the chicken. Therefore, we conclude that the trial court did not err in rendering its judgment for the plaintiffs.
 {¶ 16} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant and Rogers, JJ., concur.