DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiffs-Appellants, Charles and Rosalie Marquette, appeal the judgment of the Summit County Court of Common Pleas that granted summary judgment to Defendant-Appellee, John Timura. We affirm.
 {¶ 2} On December 30, 2005, Appellee Rosalie Marquette attended a birthday party given in honor of her great nephew. The party was hosted by Mrs. Marquette's niece Lori Logsdon and her husband James in a clubhouse located in the Logsdon's residential development. Appellee — who is married to Mrs. Marquette's sister-in-law by marriage — also attended. During the course of the evening, Appellants retrieved food from the buffet and helped themselves to *Page 2 
birthday cake from a cake table located at one end of the facility. Mrs. Marquette returned to obtain a fork for her grandson. As she walked back to her seat via a narrow aisle between the table and the wall, Appellee shifted his chair askew so that it protruded slightly into the aisle. Although Mrs. Marquette took "maybe two" steps after Appellee changed position, she was unable to maneuver away from the chair. Mrs. Marquette caught her foot as she passed and fell sideways into the wall, sustaining shoulder injuries.
 {¶ 3} On May 8, 2006, Appellants filed a complaint in the Summit County Court of Common Pleas against Appellee and Lori and James Logsdon, alleging that the Logsdons improperly placed chairs and tables during setup for the party and thereby "created an unsafe environment which could and should have been foreseen by them." The complaint alleged that Appellee "added to this dangerous situation by increasing the danger when he moved his chair into the area for walking." The Logsdons and Appellee moved for summary judgment on September 19, 2006. On December 15, 2006, the trial court granted summary judgment to the Logsdons.[1] On the same date, Appellee moved for summary judgment. Appellants responded in opposition on January 12, 2006. The trial court granted summary judgment to Appellee on February 5, 2007. This appeal followed. *Page 3 
 ASSIGNMENT OF ERROR "The trial court erred by granting summary judgment to the appellee, John Timura."
 {¶ 4} In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829. In applying this standard, evidence is construed in favor of the nonmoving party, and summary judgment is appropriate only if reasonable minds could only conclude that judgment should be entered in favor of the movant nonetheless. Horton v. Harwich Chem. Corp.
(1995), 73 Ohio St.3d 679, 686-87.
 {¶ 5} The moving party "`bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.'" Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, quotingDresher v. Burt (1996), 75 Ohio St.3d 280, 293. The nonmoving party then has a reciprocal burden to set forth specific facts, by affidavit or as otherwise provided by Civ.R. 56(E), which demonstrate that there is *Page 4 
a genuine issue for trial. Byrd v. Smith, 110 Ohio St.3d 24,2006-Ohio-3455, at ¶ 10.
 {¶ 6} In order to state a cause of action for negligence, a plaintiff must demonstrate that a duty exists between plaintiff and defendant; that the defendant breached the duty; and that the plaintiff suffered damages as a proximate result of the defendant's conduct. Hester v. Dwivedi (2000), 89 Ohio St.3d 575, 578. The existence and extent of the duty of care between individuals is determined by the relationship that exists between them and the forseeability of injury.Huston v. Konieczny (1990), 52 Ohio St.3d 214, 217. As between individuals generally, the standard to which one must conform in order to avoid negligence is that of a reasonable person under similar circumstances. See State Farm Mut. Auto. Ins. Co. v. Shoaf (1982),4 Ohio App.3d 122, 123. See, also, Restatement of the Law 2d, Torts (1965), Section 283.
 {¶ 7} In this case, both Appellants and Appellee were invited guests in attendance at a birthday celebration. Appellee did not own or control the premises, nor did he bear any responsibility for the function at which he and Appellants were in attendance. Between Appellants and Appellee, therefore, no relationship exists that creates a legal duty other than that which exists between individuals in general — to act in a manner that was reasonable under the circumstances. It is undisputed that Appellee's actions consisted simply of turning his chair askew at a slight angle. While it is unfortunate that Mrs. Marquette fell *Page 5 
as she walked past, we cannot say that a reasonable party guest under similar circumstances would have forseen the risk of injury and refrained from conduct similar to Appellee's. Appellants' claims fail as a matter of law.
 {¶ 8} Appellants' assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 6 
Costs taxed to Appellant.
WHITMORE, J. DICKINSON, J. Concur
[1] Appellant has not appealed from this order.